### LEVI WILLARD *versus* DAVID TWITCHELL.

The covenants in deeds of lands that the grantor is the lawful owner; that he is seized in fee, and has good right to sell, are synonymous, and amount only to a stipulation that the grantor has such an actual or constructive seizen, that the land will pass by his deed.

THIS was an action of covenant broken. The declaration alleged that the defendant, having conveyed to the plaintiff by deed a tract of land, covenanted with the plaintiff that at the time of the conveyance, he, the said Twitchell,

was the lawful owner of the land; was seized and possessed thereof in his own right in fee simple, and had full power and lawful authority to grant and convey the same. The breaches were assigned by negativing the words of the covenants.

The facts in this case were, shortly, that a person, who had no title, and who had never been in possession of the land, which is wild and uncultivated, sold it to Twitchell, and gave him a deed of it in the common form; and Twitchell, without ever having entered upon the land, sold it to the plaintiff, and gave him the deed mentioned in the declaration; and the question was, whether upon these facts this action could be maintained?

*S. Chamberlain,* for the plaintiff.

*F. Alexander,* for the defendant.

*By the Court.* The covenants in our deeds, "that the grantor is the lawful owner, that he is seized in fee, and that he has good right to sell and convey," have always received a construction that makes them merely synonymous. Each of them amounts only to a stipulation that the grantor has such a seizin that the land will pass by his deed. If the grantor at the time of the conveyance has actual seizin, whether by right or by wrong, whether under a valid title or by disseizin, the land will pass by his deed, and neither of these covenants is broken. Nor are they broken if he has a valid title and a right of entry, although the land be at the time held adversely by a third person. For it has been settled in this state too long to be now questioned, (and it is deeply to be regretted that it has been so settled) that he who has a good title to land which is in the adverse possession of another, has, so long as he has a right of entry, such a seizin that the land will pass by his deed. In this case, Twitchell had neither an actual nor a constructive seizin of the land at the time of the conveyance: of course nothing passed by his deed. The plaintiff is, therefore, entitled to judgment. 2 *Mass. R.* 439, *Marston* vs. *Hobbs.*—4 *Mass. R.* 408.