### IN THE

# SUPERIOR COURT OF JUDICATURE

### FOR THE

## COUNTY OF MERRIMACK, SEPTEMBER TERM,

### A. D. 1832.

---

## AMOS WHITTEMORE *versus* JOSEPH BEAN.

A, being seized of land, conveyed the same to B, by a deed which was never recorded, but continued to reside upon the land until his death. After having thus conveyed the land, he, by his will, devised the same to C, who, after the death of A, entered, and, for a valuable consideration, conveyed the land to D, who had no notice of the deed to B. It was held, that, under the circumstances, the land must be considered as having passed to C, by the will, and that D, was entitled to hold it against B and his assigns.

THIS was a petition for partition, in which the petitioner alleged, that he was seized in fee, as a tenant in common with the respondent, of a tract of land in Salisbury, and prayed that partition might be made.

The respondent pleaded that he was sole seized of the premises, and traversed the seizin of the petitioner, and issue was joined upon the traverse.

The cause was tried at September term, 1831, and a verdict returned in favor of the respondent, which was taken, subject to the opinion of the court, upon the following case

James Lowell, being seized, in fee, of a farm, of which the land described in the petition, in this case, is parcel, on the 11th January, 1803, made a deed, by which he conveyed the same farm to his son, Oliver Lowell. This deed was placed, by the parties to it, in the hands of Andrew Bowers Esquire, where it remained, unrecorded, until the trial of this cause. At the time when the said deed was made, both the grantor and the grantee lived together upon the farm, and continued so to live until the death of Oliver, the grantee, in 1807. After the death of Oliver, his widow and children continued to reside upon the land with James, the grantor, until the death of James, in 1812.

The said James Lowell made his will on the 17th June, 1811, which was duly proved and allowed, in the court of probate, on the 2d June, 1812, by which he devised all his real estate to James Lowell and John Lowell, sons of the said Oliver.

James Lowell, the devisee, on the 23d September, 1818, conveyed his half of the farm to the petitioner in this case; and on the 30th March, 1821, the petitioner and John Lowell made a partition of the farm, by deed. On the 21st March, 1825, the said John Lowell conveyed his half of the said farm, being the same land of which partition is now sought to be had, to the respondent, for a valuable consideration.

Oliver Lowell had seven children living at the time of his decease; and the petitioner, having obtained, in the year 1829, from four of the said children, a release of their right in the land described in his petition, claimed

to have five-seventh parts of the land assigned to him in the partition.

It did not appear that the respondent, at the time John Lowell conveyed the land to him, had any notice of the deed, made by James Lowell, and deposited in the hands of Bowers.

*Sullivan*, attorney general, for the petitioner, contended, that as James Lowell had, before the time when he made his will, conveyed the farm to his son Oliver, he had not, at the time of making his will, or at the time of his death, such a seizin of the farm that it would pass by his will.

*I. Bartlett*, for the respondent.

*By the court.* An unrecorded deed of land is valid against the grantor and against his heir. But if the grantor, or his heir, afterwards, for a valuable consideration, convey the land to another purchaser, who has no notice of the unrecorded deed, the last conveyance will prevail against the first. And the devisee of the grantor would stand on the same ground as his heir. If then, the land passed in this case, by the will of James Lowell, the verdict must stand. 2 Pick. 184, *Somes* v. *Brewer* ; 16 Mass. Rep. 406, *Trull* v. *Bigelow* ; 14 ditto, 296, *Connecticut* v. *Bradish* ; 3 Pick. 149, *M'Mechan* v. *Griffing*.

But it is said, that nothing passed by the will of James Lowell, because he was not seized of the land.

It is now settled, in England, that after a man has been disseized, his right of entry is not devisable. 8 East, 552, *Goodright* v. *Forrester* ; 1 Taunt. 578, S. C ; Shep. T. 428, Com. Dig. " Devise," M.

And the law seems to be the same in Massachusetts ; 10 Mass. Rep. 131, *Poor* v. *Robinson* ; 17 ditto, 68, *Brown* v. *Wood* ; 15 ditto, 113, *Smithwick* v. *Jordan*.

But in New York the law is otherwise ; 7 Cowen, 238, *Jackson* v. *Varick*. 1 Peters S. C. R. 571, *Waring* v. *Jackson*.

It is not necessary, in this case, that the question,

whether, in this state, after a man has been disseized, and while the disseizor holds the land adversely, the disseizee's right of entry into the land is devisable, should be settled. That question does not arise in this case. Here the testator was on the land when he made his will, and remained upon it until his death. There had been no disseizon. The rule, therefore, that a right of entry is not devisable, if it be law in this state, is not applicable to this case. That rule was established in ancient times, when there was a great jealousy of permitting rights to be transferred from one man to another, lest the poorer might be harrassed by rights transferred to more powerful persons. Whatever grounds might have existed, formerly, for such a jealousy, they seem to have ceased to exist in modern times. In this state, a right of entry, into land, will pass by deed, although the land be holden, at the time, adversely to the right of the grantor. And it would have been singular indeed, even if this testator had been disseized, and the land holden adversely at the time he made his will, and at the time of his decease, if this petitioner could have gone and bought up the pretended right of entry which the heirs of Oliver Lowell had, against whom the land was held adversely at the time, and have maintained this petition, against this respondent, on the ground that the land did not pass by the will of James Lowell, because he was not seized. But we shall not determine what would have been the law in such case. In this case we have no doubt that there must be

*Judgment for the respondent.*