Brown
*vs.*
Brown.

---

## P. A. BROWN *vs.* H. F BROWN and B. BROWN.

Where a woman has an estate in land during her widowhood, that estate is a freehold.

One, who is interested with others in a remainder, or reversion, after an estate of freehold, cannot maintain a petition for partition of the lands in which he is so interested.

THIS was a petition for partition. The petitioner alleged that she was seized in fee of one undivided third part of three tracts of land in Kensington. A part of one of the tracts mentioned in the petition was described as subject to

an estate which Rebecca Brown had therein, during her widowhood. The respondents were alleged to be seized in fee each of one undivided third part of the said tracts.

At December term, 1834, a committee was appointed to make partition, who at this term made report, in which, after describing the division they had made in two parcels of land, they stated that they had assigned to the petitioner a certain part of the other land, as one third part of the same, as well that part which was described in the partition as under incumbrance as that not under incumbrance.

*Tilton*, for the petitioner.

*Sullivan*, for the respondents.

It was objected that no partition could be legally made of that part of the land in which Rebecca Brown had an estate; so that the report, so far as respected all that part of the premises, was irregular and void.

RICHARDSON, C. J., delivered the opinion of the court.

In this case, Rebecca Brown has an estate in part of the land during her widowhood, and that estate is without doubt a freehold. *Co. Litt.* 42, *a ;* 5 *N. H. R.* 492.

The question then is, whether any of those who have the remainder can maintain a petition for partition of that part during the continuance of the particular estate?

This court is authorized by statute, upon the application of any persons interested with others in any real estate, to cause partition thereof to be made. And whoever is interested with others in lands, whether that interest be a fee, a freehold, or a term of years, may maintain a petition for partition. *Comyn's Digest,* " *Parcener,*" *C,* 6 ; 1 *Vesey & Beames* 551, *Baring* vs. *Nash ;* 7 *Johns. C. R.* 140, *Wotten* vs. *Copeland ;* 15 *Mass. R.* 155, *Mussey* vs. *Sanborn.*

And if a tenant in common of the freehold has leased his interest for years, he may still maintain a petition for partition. *5 N. H. R.* 216, *Hunt* vs. *Hazelton.*

When one of the parties to the proceedings is only a tenant for life, or for years, the partition is limited, and binds only during the continuance of the particular estate. 1 *Vesey & Beames* 554; 7 *Johns. C. R.* 140. By the common law, a writ of partition lay only between parceners who were tenants of the freehold. *5. N. H. R.* 217. And although the law on this subject has been altered in many respects, yet still no one can now maintain a petition for partition, unless he has a freehold or a term of years in the land. A petition for partition lies only for one who has a seizin in fact of the premises. If he has been disseized, it does not lie. 7 *Mass. R.* 475, *Bonner* vs. *The Proprietors of the Kennebec Purchase.*

And no case is to be found that gives the slightest countenance to the supposition that, where several are interested together in a remainder, after a freehold estate, any of them can maintain a petition for partition of the land in which they are so interested. 12 *Pick.* 374; 1 *Vesey & Beames* 551; *Co. Litt.* 167, *a.*

We are, therefore, of opinion that the report of the committee in this case, so far as respects the tract of land in a part of which Rebecca Brown has a freehold, must be rejected,—that part being improperly included in the division made by the committee.