## GEORGE *vs.* GREEN.

A will is in the nature of a conveyance, or an appointment of the land devised.

It can operate only upon land in which the testator has an interest at the time of the execution of his will.

It will not transfer land in which he has no interest at that time, although he may own it at the time of his death.

This principle does not depend on the words of the Statute of Wills, 32 & 34 *H.* 8, that any person "having" lands may devise them. But if it did, the same result would follow from the words of the N. H. Statute of July 2d, 1822, that "any person lawfully seized and possessed of any real estate" may devise it.

PETITION FOR PARTITION.  It appeared in this case that Moses Green, the father of the petitioner, made his will on the thirtieth day of March, 1829.  After bequeathing certain legacies to his two daughters, he made his son, Aaron Green, his residuary legatee, and appointed him executor of his will.

In the month of May, 1835, the testator, as executor of the will of one Daniel Poor, who formerly owned the premises of which partition is prayed, sold them under a license, to one Nicholas Chandler, who, in the month of September of that year, conveyed them to the testator.  In the year 1838 the testator died seized of the premises, and leaving three children, viz., Aaron, the defendant, and two daughters. In the year 1840, the daughters of the testator, and the heirs of Daniel Poor, conveyed to the petitioner all their interest in the premises in question.

*Henry F. French,* for the defendant.  Our position is, that in this state a will operates to transfer real estate acquired after its execution.  We say that here the law is the same as to both real and personal property, although we admit that in England, and in some of the United States, land acquired after the execution of the will would not pass by it. The reason why such land will not pass in England, does not exist here, and the distinction there made between real and personal property arose from considering a will as a deed, and that therefore it would not pass any other land than that of which the party was seized.  4 *Burrow* 1960; 7 *T. R.* 410; 2 *Bl. Com.* 378; 4 *Kent* 448, 510.  A will is there held to be a conveyance, which is defined to be a deed passing land.  *Jac. Law. Dict.*  And if the intention of the testator can be regarded, it is very clear, and is not denied, that the

George *v.* Green.

testator intended to pass all the property he should have at the time of his death.

A conveyance by a party out of possession is void everywhere but in this state. It is a criminal act, and that is undoubtedly the true reason why a devise of property which the devisor does not own is held void. But here a party may convey lands of which he is not in possession, and therefore he should be permitted to make a valid devise of them. 1 *N. H. Rep.* 178; 5 *N. H. Rep.* 188; 6 *N. H. Rep.* 49. If in some jurisdictions it be held that a person cannot convey land of which he is not in possession, and that a will is a conveyance, and so cannot transfer lands of which the testator is not seized, we maintain that here, where a grantor need not be in possession, it is proper and consistent to hold that a will may transfer lands of which the testator is not seized at the time.

The English statute of wills empowers those *having* lands to devise them. *Roberts on Wills* 232; 7 *T. R.* 482. Our statute authorizes those persons who are seized and possessed of lands to transfer them by will. But these words do not necessarily refer to the time of the execution of the will. Nothing passes until the death of the testator, and they more properly seem to refer to that time. In relation to our statute it may also be remarked, that the words "seized and possessed" do not refer, and are not held applicable, to all descriptions of real estate. A right of entry, or a contingent interest, is devisable, but of these one cannot be said to be seized and possessed. If these are devisable, we see not why after acquired lands may not be devised.

*James Bell*, for the petitioner, referred to *Co. Litt.* 392; 2 *Bl. Com.* 378; 4 *Kent* 509; 4 *Greenl.* 341; 5 *Pick.* 114; 1 *Metc.* 390; 1 *Ch. Gen. Pract.* 355. He said that the question was, not whether one disseized may devise, but whether a person having no title could convey by will, and that the law as settled on this subject was not unreasonable,

particularly as a person always had it in his power to devise his lands as soon as he should acquire a title to them.

GILCHRIST, J.  The argument of the counsel for the defendant rests upon the grounds, that the reason why a will cannot operate to transfer lands acquired after its date, is that a will is considered as a conveyance ; that in general a deed does not convey lands of which the grantor is not possessed at the time ; but that in this state a conveyance of land by one out of possession will pass his interest therein ; and that, by parity of reasoning, a devise in this state will operate to pass lands of which the devisor is not seized, and in which he had no interest at the time of the execution of the will. Whether decisions have ever been made by this court which involve such a conclusion, is a matter deserving of inquiry.

The first case in this state bearing upon this point is *Willard* vs. *Twitchell*, 1 *N. H. Rep.* 177.  It was there held that one having title to land in the adverse possession of another, has, so long as he has a right of entry, such a seizin that the land will pass by his deed. . It is also said by the court, that this point has been settled in this state too long to be questioned, and that it is deeply to be regretted that it has been so settled.  In *Hadduck* vs. *Wilmarth*, 5 *N. H. Rep.* 188, it is held that if the grantor have a right of entry, the land will pass by his deed, though a third person may be in possession ; and that the common law in relation to buying and selling pretended titles has never been adopted in this state.  In *Whittemore* vs. *Bean*, 6 *N. H. Rep.* 47, a query is made, whether, while a disseizor holds land adversely, the disseizee's right of entry into land be devisable.

That a will does not operate to transfer lands acquired after its execution, has been settled in England, and wherever the common law prevails, unmodified by local usage, from a very early period.  But this principle does not extend to wills of personal estate.  A reason for the distinction is given by an eminent legal writer, *Powell on Dev.* 151, 152, *Jarman's*

*edition.* The common law, it is there said, after the introduction of feuds appointed no heir on whom personal property should descend. If the owner died intestate, it devolved on the church. A testament was then the constitution by the testator of an heir to his personal property, the law having otherwise appointed none. An executor stood in the relation of the testator to such property, and was entitled to all of it, the law not giving it to any other person. The only limitation upon his rights was that the property was subjected in his hands to the trusts of the testator.

But as to freehold property, the feudal law, when feuds became inheritable, constituted an heir in his own right, whose title was inchoate when a freehold of inheritance was acquired by his ancestor, and the person next in succession was called the apparent, or presumptive heir. A will of personal property operating therefore as the constitution *of* an heir, and a will of lands as a disposition *from* an heir, the one cannot take effect in the same manner as the other does, but each must take effect according to the nature and property of the subject matter on which it is to operate, and the time of its operation.

The decisions, says Lord Chancellor Loughborough, which settle this distinction, are founded upon fair legal, that is, systematical reasoning, and do not depend upon any captious nicety. The objections to them, as hard decisions, have originated from considering the disposition by testament of land in the same view as the Roman testament was considered, or wills of personal estate; which is not a just manner of considering what the law of England permits to be a disposition by will of land. It is not an indefinite disposition of all a man may be possessed of at his death, as in the case of personal property. It is no more than an appointment of the person who shall take the specific land at the death of the person making it. It is so far testamentary, that it is fluctuating, ambulatory, and does not take effect till after the death, but it is in the nature of a conveyance; being an ap-

pointment of the specific estate. And these determinations were not upon the literal construction of the statute of wills; not upon the word "having." They were upon the nature of the instrument, differing from the Roman law in this, that it is an appointment of the specific estate. The consequence is necessary, that the devisor must continue to have it to his death, when the devise is to take effect. *Brydges* vs. *The Duchess of Chandos*, 2 *Ves. Jr.* 427. The same view was entertained by Lord Mansfield, who says also that the same rule held before the statute of wills, when lands were devisable by custom. *Harwood* vs. *Goodright, Cowp.* 90 ; *Wyndham* vs. *Chetwynd*, 1 *Burrow* 429. In the case of *Wind* vs. *Jekyl*, 1 *Peere Wms.* 572, Lord Chancellor Parker says he takes the reason why after acquired personal estate will pass by will, while after acquired real estate will not, to be this ; that with regard to the real estate, supposing *that* not to pass, still there is in law one capable of taking it, that is, the heir ; but as to the personal estate, if the executor, though made before the acquiring thereof, does not take it, it is uncertain who shall. Lord Mansfield expresses himself to the effect, that when the rigor of the feudal law became relaxed, it was held that a devise affecting lands could operate only on such real estate as the testator had at the time of making his will ; because there could be no legal conveyance at common law of what a man should acquire in future. *Hogan* vs. *Jackson, Cowp.* 305 ; *Bunter* vs. *Coke*, 1 *Salkeld* 237 ; *Preston's Shepp. Touch.* 437 (*note* 72) ; 4 *Kent* 510.

A will, then, is a disposition of lands *from* the heir. It is an appointment of the person who shall take the specific land. It is also an appointment of the specific estate, and so far it is in the nature of a conveyance. These views are not inconsistent with each other ; and it may be suggested whether the reasons for the different operation of a will of real from one of personal estate, do not depend upon the principle that a future interest cannot be conveyed at com-

George *v.* Green.

mon law.   But it is not necessary that the  possession, or an executed interest in the land, should be in the testator.    It is enough if he have a  present  interest, though  to  commence *in futuro*, or to depend upon a contingency.   *Roe* vs. *Griffiths*, 1 *Black. R.* 605 ;  *Moore* vs. *Hawkins*, 1 *H. Bl.* 33–4 ; *Barnitz*  vs.  *Casey*,  7  *Cranch*  469 ;  *Duner*  vs.  *Frank*,  6 *Price* 63.

Here, then, is the distinction between the  cases in the N. H. Reports and the rule of  the common law as to the devise of a future interest.   Our cases settle  only that a  party out of possession may convey such interest as he has.   If he be a disseizee, he will have  only a  right of  entry, and  that he may convey.   But the cases do not hold that he may convey a freehold *in futuro*, and therefore they do not go far enough to sustain the defendant's position.   And the court do not seem to have supposed there was any analogy between *Willard* vs.  *Twitchell*, and *Hadduck* vs.  *Wilmarth*, and a petition for partition ; for in  the  subsequent case of *Brown* vs. *Brown*, 8 *N. H. Rep.* 93, it is said that " a petition for partition lies only for one who has a seizin in fact of the premises.   If he has been disseized, it. does not lie."   Now the common law is, that a  will is  in  the  nature of a  convey-ance, or appointment of  some present interest, to take effect at the death of the testator.   It is a foundation, and an instant incipient disposition.   *Trevor, C. J., Arthur* vs. *Bokenham, Rep. Temp. Holt* 750.   There must, therefore, be something for it to operate upon.   It does not follow because we have held that a disseizee's right of  entry, being a present interest, is grantable, that therefore we should decide that land in which he has no interest, is devisable.   The position that such land is not devisable, is so well settled at common law as  to be conclusive upon us, and  we  have  made some examination of the common law  doctrine upon  this point, that we might more precisely state the  distinction between it and the cases in this court.

It has been held that the necessity for the testator's being

seized of the land at the time of making his will, was founded upon the words of the statute of wills, 32 & 34 *H.* 8, which are, "all persons *having* a sale estate in fee simple, &c., may dispose," &c. In *Butler and Baker's Case,* 3 *Rep.* 30, it is said, "and therefore if it be asked, *quis potest legare?* the makers of the act answer, 'every person *having* manors,' &c., so that it is not said, every person generally, but every person *having.* And this word (having,) imports two things, *scil.* ownership, and time of ownership; for he ought to have the land at the time of making the will," &c. But Lord Mansfield said that the same rule held before the statute, when lands were devisable by custom. *Harwood* vs. *Goodright, Cowp.* 90. And in the case of *Bunter* vs. *Coke, Rep. Temp. Holt* 246, 1 *Salk.* 237, Lord C. J. Holt said that it appeared from the precedents to be absolutely necessary that the devisor should be seized in fee at the time of making his will. *Brydges* vs. *Chandos,* 2 *Vesey, Jr.* 427.

If the doctrine of Lord Coke be correct, and the rule depend upon the words of the statute of wills, the same reasoning will apply to our statute, which enacts that every person lawfully seized and possessed of any real estate may devise it. *N. H. Laws* 355, *Ed. of* 1830.

The judgment of the court is, that the premises in dispute did not pass by the will of Moses Green, and that

*Partition be made.*