## RAMSAY *v.* BACHELDER.

It is the duty of the auditor, in general, to admit the parties before him to testify upon their own motion, provided it can be done without apparent danger of injustice.

ASSUMPSIT. The case was referred to an auditor, from whose report it appeared that two items in the plaintiff's account had been charged in his book to Nathan Bachelder. The plaintiff's counsel offered to show, by the examination of the plaintiff himself, that the person whom he intended to charge was the defendant, Nathan Bachelder. The evidence was objected to by the defendant, but the auditor admitted it as a matter of legal right, and because he did not suppose himself clothed with any discretion with respect to its admission, or that he could legally reject it.

The plaintiff also explained, upon his examination, an entry of $5 upon his book to the defendant's credit, which entry appeared to have been in payment of a sum which the defendant had borrowed, and which the plaintiff had erroneously, at the time, supposed to have been charged to the defendant.

If the plaintiff's testimony was properly admitted the balance due to him was found to be $90.70; if otherwise, the balance was $58.70.

*Barstow*, for the plaintiff.

*Morrison*, for the defendant.

WOODS, J. An auditor has the power, in his discretion, to examine either of the parties before him, and the custom has been for him to do this at the instance of the party seeking to establish his own case by means of such examination. But this discretion of the auditor is subject to the supervision of the court, and an undue exercise of it would be an occasion for setting aside or re-committing

the report. *Lovering* v. *Lovering*, 13 N. H. Rep. 521; *Mann* v. *Locke*, 11 N. H. Rep. 248.

Where the examination of one of the parties would be attended with probable injustice; as where, owing to the death of one who is represented by the party in court, or owing to sickness, or other insuperable cause, the party seeking to be examined cannot be confronted, the auditor has been sustained in his refusal to go into such examination. *Lovering* v. *Lovering*, before cited. And it was said, in *Fuller* v. *Little*, 7 N. H. Rep. 539, that if it should appear that injustice had been done by admitting a party to testify, the report might be set aside.

It would seem to be a part of this general control of the court over the auditor, and this supervision of his exercise of the discretionary power confided to him, that they should require him to exercise it in proper cases, by admitting the parties to testify, or to be examined; and that the refusal of the auditor to hear the party's testimony, where it is reasonable and proper that it should be heard, would furnish as good ground for setting aside his report, as the hearing such testimony in an improper case would furnish.

The intent and purpose of the statute appear to have been generally admitted to be, to give each party an opportunity to be examined in his own behalf, when such examination can be had without unfairness. It is, therefore, the duty of the auditor to afford him that opportunity, and if he decline to do so the court will inquire whether he has done so on sufficient reasons. This is the substance of what was held in a case lately decided in Carroll county.

The result is, that the auditor correctly admitted the party to testify, and that judgment must be rendered on the report for the sum found upon the testimony of the plaintiff.

*Judgment on the report.*