NEW-YORK,
October, 1811.

COBB
v.
CURTISS.

### COBB against CURTISS.

IN error, on *certiorari*, from a justice's court.

*Curtiss* sued *Cobb*, before the justice, in *assumpsit*, for a breach of promise; and set out, in his declaration, that the defendant had, some time before, sued him before another magistrate, and that, before the return day of the summons he settled with him and paid him three dollars, in full, and the defendant promised to go to the magistrate, and pay the costs, but that instead of doing so, he appeared at the return of the summons, and obtained a judgment, for 25 dollars, against *Curtiss*.

The testimony introduced at the trial fully supported the declaration. The justice himself was sworn, as a witness, but no objection was made, nor was any objection made to any part of the testimony. There was a judgment in favour of the plaintiff for 25 dollars, with costs.

*Per Curiam.* The suit here was not to overhale the first judgment, or to recover back the amount of it, on the ground that the money was not due, and had been unconscientiously recovered. That was not the *gist* of this action. The case of *Marriot* v. *Hampton* (7 *Term Rep.* 269.) has no application. This suit was brought for breach of an agreement to discontinue the former suit, and this breach would be the same, even if the former recovery had been for a just debt.

Lord Chief Justice *Eyre*, in *Philips* v. *Hunter*, (2 *H. Bl.* 416.) though he denies the authority of *Moses* v. *M'Farlan*, yet he expressly admits that the recovery in the court of conscience, referred to in that case, was the breach of an agreement, and upon *that breach* an action

A. sued B. before a justice, and before the return of the summons, B. settled with A. and paid him 3 dollars, in full, and A. promised B. to go to the justice and pay the costs; but instead of doing so, he appeared at the return of the summons and obtained a judgment by default against B. for 25 dollars. B. then brought an action of *assumpsit* against A. before another justice, for a breach of the promise made by him, as to the former suit, and recovered. It was held, that the action was sustainable; it not being for the purpose of overhaling the prior judgment, nor to recover back money which the defendant had unconscientiously received; but for a breach of the promise to discontinue the former suit, and pay the costs. B. was not bound to set off the demand for damages, for the breach of this agreement, in the suit carried on against him by A. contrary to his promise. Where the justice himself is sworn as a witness, and no objection is made, at the time, it will be deemed, on the return of the *certiorari*, to have been admitted by consent.

would have lain; and this, he said, was the party's proper remedy, and not an action for money had and received, to recover back the money which had been. unconscientiously recovered, in the court of conscience. This case comes exactly within that rule. It was for a breach of a promise, that in consideration of paying three dollars, the defendant would go and discontinue a suit, pending before a justice. To deny an action for the breach of such an agreement, would be unjust. Nor was the plaintiff below barred of his action, for not having set off this demand in the suit so carried on against him, in defiance of the agreement. The set-off, in a suit before a justice, of any counter demand or account, must mean, as in cases of set-off in other courts, accounts or demands existing at the commencement of the suit, and the agreement here was subsequent, and so could not have been a legal set-off. It is a settled rule that no matter of defence, arising after action brought, can be pleaded in bar, or as a *set-off.* (3 *Term Rep.* 186. 4 *East,* 507. 1 *Caines,* 71, 72.)

The merits of this case are, therefore, strongly with the plaintiff below, and as the admission of the magistrate, as a witness, must be taken to have been, by consent, as no objection was made, there was no technical rule violated, and the judgment must be affirmed.

Judgment affirmed.