### LEVI TILTON *versus* JOHN GORDON.

Where a payment has been made in part of a debt, and afterwards the creditor sues and recovers judgment by default, for his whole debt, without any deduction for such payment, the judgment debtor cannot afterwards maintain an action to recover back such payment. His remedy must be by obtaining a new trial in the original action.

THIS was an action of assumpsit, in which the plaintiff declared in several counts for the same cause of action. The last of these counts, which sets out the facts of the plaintiff's case very fully, alleges, that on the 31st of March, 1801, the plaintiff gave to the defendant two promissory notes, for upwards of two hundred dollars each, and that on the 7th of April, 1803, the plaintiff delivered to the defendant a yoke of oxen, at the price of fifty-five dollars, in part payment of the notes : that the defendant promised the plaintiff to endorse the price of the oxen on the notes, but neglected to do so, and afterwards brought a suit upon the notes : that the plaintiff, relying upon the defendant's promise to

endorse the price of the oxen upon the notes, suffered the defendant to take judgment against him by default, and has been compelled to pay the whole amount of the notes, without any allowance for the price of the oxen.

The defendant pleaded the general issue. The cause was tried here at February term, 1816.

The evidence given on the trial fully proved all the material facts, as stated in the count referred to. A verdict was returned for the plaintiff, which the defendant moved should be set aside, as against law, and a new trial granted.

BELL, J.* The plaintiff's declaration, as well as his evidence, shows that the oxen, for the price of which this suit is brought, were delivered by the plaintiff to the defendant in part payment of an existing debt, and not on a contract of sale on a credit.

The evidence in the case would have afforded the plaintiff a good defence, to the extent of fifty-five dollars, in the action brought by the defendant against the plaintiff upon the notes. It could only have availed the plaintiff as a defence as payment, and not as a set off. A set off can only be of an existing debt, for the recovery of which the party pleading might have maintained an action. Had the plaintiff, before the suit brought against him on the note by the defendant, commenced an action against the defendant for the price of the oxen, as on a contract of sale, it cannot be pretended that he could have succeeded.

The evidence in this case would have made a complete defence to such action; it would have shewn conclusively that the oxen passed from the plaintiff to the defendant in part payment of a debt, and not on a contract of sale on a credit. This action cannot be supported on the ground of a sale of the oxen in question, on a credit, as all the evidence shows it was not so; if supported at all, it must be on the ground that the defendant recovered more in the action on the notes than was due to him. On this ground, the plain-

* RICHARDSON, C. J., having been of counsel, did not sit in this cause.

tiff cannot recover.   No legal question is more fully settled and at rest, than that the merits of a judgment recovered in a court of competent jurisdiction, whilst unreversed, is conclusive as to the subject matter of it, to every intent and purpose, and cannot be re-examined in a new action founded on evidence which would have made a defence to the original suit.

This is to be regarded as a first principle, which cannot now be shaken, even to do what seems to be consistent with justice in a particular case, without endangering the best interest of society.   1 *Lord Raymond* 742, and *Mariot* vs. *Hampton*, and 7 *T. R.* 269, *Philips* vs. *Hunter*, and 2 *H. Bl.* 413, *White* vs. *Ward & al.*, and 9 *John. R.* 232, *Heller* vs. *Jones*, and 4 *Bin.* 67, *Thatcher & al.* vs. *Gammon*, and 12 *Mass. Rep.* 268.

There would be no termination of suits, if parties who were sued on contracts were permitted to lie by and suffer a judgment by default, and then institute suits to recover back payments made on the contract on which judgment had been so rendered, and which might and ought to have been used as a defence in the original action.

The reasons for adhering to the law on this subject, as settled, are still stronger here than in some of the other states in the Union and in Great Britain, as this court is by statute authorized to grant new trials, even in cases of judgment rendered on default, when it is made to appear that justice has not been done betwixt the parties.

When this circumstance is considered, the seeming hardship of the plaintiff's case disappears.

*Verdict set aside and a new trial granted.*

*Tilton*, for the plaintiff.
*Sullivan*, for the defendant.