## BENJAMIN FARMER *vs.* JOSEPH STEWART *et al.*

Where a submission is made to arbitrators by a written agreement, a surety in the agreement need not be notified of the sitting of the arbitrators.

The owners of land, over which a highway is contemplated, have a right to object to the acceptance of the report of a committee laying it out; and a forbearance of this right by them is a good consideration for a promise.

The judgment, accepting such report, is no bar to an action on a promise made as aforesaid to pay such sum in damage as arbitrators may award over and above what was assessed in the report. Each owner may sustain a separate action for the specific sum awarded to him.

This was assumpsit.

The declaration contained two counts, both of which were founded on a special agreement in writing.

13

They contained allegations that the agreement was executed August 29th, 1818 ; and (after reciting that a committee, appointed to lay out a highway in the towns of South Hampton and Newtown, had made a report, which had been returned, and was to be considered at the court of common pleas then in session ; and that the plaintiff, with others, being owners of land over which the highway was laid out, and being dissatisfied with the damages awarded them, had appeared to oppose the acceptance of the report ;) the counts farther alleged, that in consideration said owners would withdraw their objections, the defendants promised to pay them such sums as *A. B. & C.*, referees chosen for that purpose, should decide that the respective owners ought to receive in damages over and above the sums awarded in the report of the committee, and also to pay the expenses of the referees, if it was adjudged by them that the owners of the land ought to receive any thing more than what had been awarded by the committee.

It was then alleged, that the plaintiff and the other owners withdrew their objections, that the report of the committee was accepted, and, after due notice and hearing, that *A. B. & C.* awarded to the plaintiff a certain sum above what was awarded by the committee.

The action was brought to recover that sum alone ; and, at the trial here, in February, 1819, on the general issue, the aforesaid allegations were all proved, except notice to the defendants of the sitting of the referees.

In respect to this it appeared, that *Tilton*, one of the defendants, being on the face of the written agreement only a surety for its performance, received no notice of their sitting, but the others were duly notified and attended.

A verdict was taken for the plaintiff, subject to the opinion of the court on the sufficiency of the notice, and on such other points as might arise in the consideration of the above facts.

*Ichabod Bartlett*, counsel for the plaintiff.

*Tilton & J. Smith*, for the defendants.

WOODBURY, J., delivered the opinion of the court.

Although the defendants in this case signed only one agreement with all the owners of land over which the highway ran; yet the interest of those owners was in separate parcels, and the sums awarded to them were separate. Hence this action is well brought in the name of one alone for the specific sum awarded to him. 1 *Saund.* 153–4, *note* (1).—1 *Chitt. Pl.* 6, 8.—1 *East* 226, 497.—2 *D. & E.* 282.—3 *B.& P.* 235.—2 *Com. C.* 187.—5 *Es. Ca.* 193.—*Yelv.* 177, *a. note.*—8 *Mod.* 166.—*Str.* 553.—*Willes* 248.—8 *Mass. Rep.* 462.

The point concerning the notice to the defendants would seem to involve more doubt. For in actions against joint promissors, the judgment does not bind any, who were not expressly notified. 1 *Wils.* 78.—*Burr.* 2611.—6 *D. & E.* 327.—3 *East* 144.—6 *Cranch* 254.—1 *John.* 62.—2 *John.* 87.—4 *John.* 222.—6 *John.* 59.—5 *Mass. Rep.* 194.—8 *Mass. Rep.* 424.—13 *Mass. Rep.* 148.

But in other proceedings as to the subject-matter of their joint liability, acts, either by or to one, have often by construction been held to bind all. Thus an acknowledgment by one joint promissor revives a debt otherwise barred by the statute of limitations. 3 *Bl. Com.* 307, *note.*—*Doug.* 652, 629.—2 *Hen. Bl.* 342.—4 *D. & E.* 517.—1 *Es. Ca.* 435.—*Peak. Ev.* 255.—*Bac. Ab.* " *Limitations,*" E. 8.—6 *John.* 267. —15 *ditto* 3.—*Vide exceptions.*—2 *Vent.* 150.—1 *Morgan's Vade Mecum* 84.—1 *Barn. & Ald.* 463.—8 *Cranch* 74.

Thus the confession of one binds others, already proved to be joint contractors or joint offenders.(1)

So payment by or to one avails to all who are jointly interested. *Doug.* 653.—8 *D. & E.* 308.—9 *John.* 450. So a release by one affects all.(2) And a demand on one joint bailee binds all in an action founded on the contract.(3)

A reference by private agreement, is, also, in many respects, governed by different principles from an action at law. 4 *Mass. Rep.* 520.—14 *ditto* 361—*Whittemore vs. Whittemore, ante.*

(1) Gilb. Ev. 59 –6 D. & E. 527.—1 Maul & Selw. 250.

(2) 14 John. 188, 367.*

(3) 13 Mass. Rep. 298.

---

* 17 John. 58.

Farmer
*vs.*
Stewart et al.

But we could hardly rely upon these analogies to take the present case out of the general principle concerning notice in actions, if the person, not notified of the sitting of the referees, had been interested in the subject-matter submitted, and had not on the face of the agreement appeared to have been a mere surety.

We believe it to be unprecedented to give notice of the sitting of the referees to a surety in a submission by bond or otherwise; and the reasons for such notice are no stronger than they would be for notice to bail of the progress of the cause against the principal. They both make an absolute engagement to abide the event. The event in this case was duly made known to all; and consequently the plaintiff must recover, unless the agreement within itself contains some radical defect.

In respect to this part of the case, it is contended first, that there was no consideration for the agreement. But as a consideration is sufficient, if injurious to the promissee, whether beneficial or not to the promissor, this objection appears to be ill founded.(1) Because the consideration in this case was the relinquishment or forbearance of a right, which the plaintiff possessed to object to the acceptance of the report of the committee. We call it a right. For though our present statutes do not, in terms, provide, that the owners of land, through which highways are laid, may appear and object to the report laying them out; yet the practice to permit them to appear has been invariable. Our province law of the 5th George I. contained an express provision to that effect;(2) and the statutes of Massachusetts are similar. 3 *Mass. Rep.* 406.—2 *ditto* 491.

The omission in our present statute(3) probably arose from accident, or from a correct impression, that, independent of any statute, the right existed in the fullest force. " It is an " essential principle of natural justice, that every man have " an opportunity to be heard in a court of law upon every " question involving his rights or interests, before he is affect- " ed by any juridical decision of the question." 4 *Mass.*

(1) Doctor & Student 179.— 1 Saund. 211, b.—Com. Di. "Action on the case," B. 1.— 15. Mass. Rep. 94

(2) Province Laws 116.

(3) 1 N. H. Laws 385.

Rep. 627, *Commonwealth vs. Churchill.*—7 *Mass. Rep.* 160.— 1 *Mass. Rep.* 89.—1 *N. H. Rep.* 242.

Farmer
*vs.*
Stewart et al.

If this right did not exist, the owner of land might, also, have his property taken from him " without his consent," and in a case where he might be able to satisfy the court that it was not wanted for " *public uses,*" or if so wanted, that a compensation altogether inadequate had been awarded by the committee.(1)

(1) U. S. Con. 5th amendment.—N. H. Consti. 12th article bill of rights.

The existence of this right, then—a right of such manifest importance in many cases in real life—having been shown, it is admitted, that the plaintiff relinquished it on the request and promise of the defendants.

Whether the principal defendant did or did not profit by that relinquishment, is, from the evidence, a matter of conjecture. A petitioner might be benefitted by having the road opened speedily ; and so might the public. This arrangement may have been made to avoid delay, or to prevent the risk of the report being altogether rejected, should the damages be increased.

But, how this may have been, is immaterial. The consideration was sufficient without it. Such is the general principle before mentioned, and its application, in the words of *Yates, J.*, in *Cillans et al. vs. Minot,*(2) reaches this precise case—" Any damage to another, or suspension or *for-* " *bearance of his right,* is a foundation for an undertaking, " and will make it binding, though no actual benefit accrue " to the party undertaking." *Vide etiam. Poph.* 183.—2 *Ld. Ray.* 919.—5 *Cranch* 142.—1 *Barn. & Ald.* 297, *Goodman et al. vs. Chase.*—1 *Yelv.* 2, *Rippon vs. Norton.*

(2) Burr 1693.

The only remaining objection is, that the subject-matter of this action has once been adjudicated by the acceptance of the report of the committee.

The case of *Tilton vs. Gordon,*(3) which has been cited by the defendants, is supported by principle as well as the authorities there collected. *Vide etiam.* 1 *John. Ca.* 436.— 1 *Schoa. & Lef.* 201.—14 *John.* 377, 466.—1 *Wheat.* 452.— *Justin. In.* 594, *note.*—1 *Es. Ca.* 279.—8 *John.* 470.—3 *John.* 157.—3 *Caines* 170.—2 *Es. Ca.* 547.—12 *John.* 347.—11 *Mass. Rep.* 445.

(3) 1 N. H. Rep. 35.

Farmer
vs.
Stewart et al.

(1) 1 Wm. Bl.
221.–15 Mass.
Rep. 207.
(2) 2 Gallison.
50.

But the doctrines in that case do not apply, where the first judgment becomes erroneous by means of subsequent events,(1) or has been disannulled by reversal ;(2) or, as in the present instance, was rendered between different parties and on a contract both new and distinct.   2 *Hen. Bl.* 416.— *Phil. Ev.* 224–5.*

So far as the public were interested, the plaintiff, if duly notified of the former proceedings, was doubtless concluded by them, and has no further remedy for damages against the respective towns, which were subjected to payment by those proceedings.

But the present is a proceeding altogether different in its form ; in which the parties on the record are different ; and in which the cause of action is not only different, but subsequent to the commencement of the former proceedings.

*Judgment on the verdict.*