# FULLER *vs.* LITTLE.

THE examination of a party as a witness in chief, before an auditor, is no cause for setting aside the report, unless it was under such circumstances as show that injustice has probably been done.

Auditors may take the examination of parties respecting the sale and delivery of goods, charged in an account, when the delivery appears to have been made to third persons.

Where a party, who is indebted to another, delivers goods and money in part payment, and the creditor afterwards refuses to account for them upon the debt, and requires and receives payment in full, without any deduction, the debtor may consider the agreement under which they were received as rescinded, and maintain assumpsit to recover the amount.

A mere offer to pay, it not appearing that the party had the money ready, does not amount to a tender.

ASSUMPSIT upon an account annexed to the writ, for goods, and money. Part of the articles appeared, by the account, to have been delivered to one George Little, and part to one Adams Moore.

The case was committed to an auditor, who examined the plaintiff as a witness in chief, in support of his claim. The defendant objected to the admission of the plaintiff as a witness, because said George Little was out of the country, and had been for some time previous.

It appeared, from the report of the auditor, that in 1827, the plaintiff purchased a farm of the defendant, for which

he gave certain notes, and a mortgage of the farm to secure the payment. The notes were delivered by the defendant to George Little and Moore, as his agents, for collection, and in 1828, the plaintiff delivered to said George, and to said Moore, the money and goods mentioned in the declaration, in part payment of said notes, who agreed that they should be so applied.

It did not appear to be denied that said Little and Moore were authorized to receive payment in that manner, but they never indorsed any thing on the notes.

In 1833, one G. B. Redington, having taken a deed of the farm from the plaintiff, and agreed to pay the amount due to the defendant, requested the defendant to deduct the payments thus made by the plaintiff to the defendant's agents, but the defendant refused, and Redington, in order to procure a discharge of the mortgage, was obliged to pay the full amount of the notes.

One of the charges in the account was for brick ; and the auditor reported that in 1831 said Moore offered to pay the plaintiff for what brick he had taken, and that the plaintiff, who had charged a greater amount of brick, declined it, saying he intended to have pay for all the brick. No money was offered, nor did it appear that any was ready.

The report submitted to the court the question whether the plaintiff was entitled to recover on these facts.

*E. Carleton*, for the defendant. The first objection to judgment on the report of the auditor is, that he received the oath of the plaintiff, as the only evidence to substantiate his claim to several of the items mentioned in the account, when, on the very face of the account, it appeared that those items were delivered to a third person, whose testimony in relation to them, for aught that appears, might have been had. The plaintiff having stated that the items were delivered to this third person, it was his duty to sustain his claim to those items by the testimony of that person, and

the defendant had a right to expect that they would be proved in that way ; and it did not devolve on the defendant, therefore, to make any effort to rebut the plaintiff's claim to those items by producing the testimony of that individual. This is analogous to the supplementary oath of a plaintiff, in support of his books of account, before a jury.

The second objection is, that the items mentioned in the auditor's report were payments on certain notes, then due from the plaintiff to the defendant. *Tilton* vs. *Gordon*, 1 *N. H. Rep.* 33.

The third objection reaches the item for bricks, and it is submitted to the court to determine whether the plaintiff's refusal of payment for what was due to him from the defendant, unless he could have pay for all the bricks, did not exonerate the defendant from making a formal tender of money due to the amount found by the auditor.

*H. A. Bellows*, for the plaintiff. The first objection to the auditor's report is, that the evidence of the plaintiff should not have been taken by the auditor. The answer to this is to be found in the statute which gives auditors the power of examining the parties on oath, in all cases, and such we believe has been the uniform practice.

Another objection is taken, on the ground that the auditor has allowed for money and other property, which in fact was received by the defendant, through his agents, in part payment of notes which the defendant held against the plaintiff, and which was to have been indorsed.

On this point the report finds that when these notes were paid, a demand was made to have these payments allowed, which was declined.

In the case of *Fowler* vs. *Shearer*, 7 *Mass. R.* 14, and in 16 *Mass. R.* 306, it was held that there was a trust and confidence between the parties, and that it was the duty of the defendants to have credited the sum paid on the note. See also 17 *Mass. R.* 394—6. The principles settled in these cases are broad enough for the present.

The case of *Tilton* vs. *Gordon*, 1 *N. H. R.* 33, is perhaps of questionable authority, but it does not oppose the principle contended for. It goes upon the ground that a judgment, while unreversed, is conclusive as to the subject matter of it, to every intent and purpose, and cannot be examined in a new action.

The better rule would seem to be that matters cannot be twice litigated between the same parties.

The case of *Tilton* vs. *Gordon* is directly opposed by the case of *Rowe* vs. *Smith*, 16 *Mass. R.* 306, and by *Fowler* vs. *Shearer*.

The third objection is, that the auditor should not have allowed part of the fourth item, on the ground that the defendant's agent, A. Moore, offered to pay for the bricks which are the subject of the charge.

In reply, we say that the evidence does not prove a tender. There was no production of money, nor does it appear that he had the money to pay, if the plaintiff had agreed to receive it. 5 *N. H. R.* 440.

PARKER, J. The objection to the examination of the plaintiff, as a witness in chief, by the auditor, is in the nature of a motion to set aside the report. But such motion cannot prevail on the case before us.

Where actions upon accounts are tried before the jury, the practice, which has prevailed, of admitting the book of the party in evidence, with his oath supplementary thereto, stating that he delivered the articles, and made the charges at or about the time they purport to have been made, has never extended to make the party a witness in chief, unless his adversary chose to make him so by a cross examination.

But the statute giving the court power to appoint auditors evidently contemplated an examination of the parties in some cases; for it prescribes what course is to be pursued if any party shall refuse or neglect to render an account, or produce such books and papers, and to answer on oath such

interrogatories, relating to the controversy, as may be pertinent and material.   6 *N. H. R.* 508, *Stevens* vs. *Hall.*

The statute is not in its terms compulsory upon auditors, but gives them the power to require either party to submit to an examination under oath ; and there is nothing to show that this examination may not be made on the motion of the party himself.   This power of the auditor to examine the party must be subject to the supervision of the court ; and upon a case which showed that injustice had probably been done, by admitting one of the parties to testify, we might set aside the report, or recommit it, as the case might require.   But nothing appears in this case to show that the examination of the plaintiff was not a sound exercise of the power vested in the auditor.   In fact, as the statute has authorized the examination of the parties, it might perhaps require explanation should an auditor refuse to examine.

But it is said that better evidence existed.   On the trial of an action, upon an account, before a jury, if it appear that the goods were delivered to third persons, the books of the party, and his oath, cannot under our practice be admitted as evidence to sustain the charges, because the case shows that better evidence may be produced ; but when the statute has authorized the examination of the party, generally, that rule can no longer apply.   Any evidence that the statute allows, is good evidence, and auditors, therefore, may examine the parties, even if it appear that the articles were delivered to third persons, and give their testimony the weight to which it is entitled, under the circumstances of the case.

The next objection goes to the merits of the action.   It appears that the money and goods, for which the plaintiff now seeks to recover, were originally delivered to the defendant's agents, in part payment of a debt then due from the plaintiff to the defendant ; so that at the time of the delivery, and afterwards, until the defendant required and received the full amount of his claim, without any deduc-

tion for what had been received, the delivery conferred upon the plaintiff no right of action; and the defendant's counsel argues that notwithstanding the plaintiff has in fact since paid the full amount of the debt, without any deduction for what was thus paid to the defendant's agents, no cause of action can arise to the plaintiff on account of these payments, and in support of this objection he relies upon *Tilton* vs. *Gordon*, 1 *N. H. R.* 33.

The soundness of that decision may well be questioned. There, after a pair of oxen had been delivered as a partial payment upon a note, the creditor without indorsing the amount, brought an action and took judgment for the full sum appearing to be due; and the debtor then brought an action to recover the value of the oxen. The court thought that as the oxen were passed in part payment, and not on a contract of sale on credit, so that an action could not have been sustained for them before the rendition of judgment on the note, the suit, if supported at all, must be so on the ground that the defendant recovered more in the action on the note than was due to him, and that to sustain the action would violate the principle that the merits of a judgment, duly rendered, and not reversed, cannot be reëxamined in a new action, founded on evidence which would have made a defence to the original suit.

But another view may be taken of that case. Although the oxen were agreed to be delivered and received in part payment of the note, and were so delivered and received, it was undoubtedly competent for the parties to agree to rescind that contract and substitute another, by which the debtor should pay the amount of the note, and the creditor be liable for the value of the oxen, as if they had been sold without reference to the existence of the note. 1 *D. & E.* 133, *Towers* vs. *Barrett*; 7 *Bing.* 266, *James* vs. *Cotton*.

In such case no doubt could exist of the right of the party to sustain an action for the oxen. And it is equally

clear that a contract may be rescinded without showing an express agreement.

Thus, where upon an agreement for the purchase of land, the party paid a part of the money, and the owner afterwards refused to receive the residue and execute a deed, the contract was held to be rescinded, and the money paid was recovered back under a count for money had and received. 7 *Johns. Rep.* 85, *Gillet* vs. *Maynard.*

So where a part of the purchase money for goods was advanced, and the seller afterwards refused to deliver the goods. 12 *Johns.* 274, *Raymond* vs. *Bearnard.*

So where work and labor were performed for the defendant, under a contract to labor a certain time for a specified compensation, and the defendant prevented the completion of the whole labor, the contract under which the labor was performed was held to be rescinded, and the plaintiff recovered for what was done on a *quantum meruit.* 4 *Pick.* 114, *Hill* vs. *Green.*

And so in *Tilton* vs. *Gordon,* when Gordon took his judgment for the full amount, without deducting the payment received by means of the oxen, Tilton might well elect to consider that as a rescinding of the agreement to receive the oxen in payment, and Gordon would then have stood indebted to Tilton for the oxen received of him, and this would not have brought the merits of the judgment in question. 16 *Mass. R.* 306, *Rowe* vs. *Smith.*

That case, however, if it were rightly decided, differs from this, inasmuch as here there is no judgment to encounter; and the very principle, therefore, upon which that case turned cannot here come in question.

When the defendant refused to apply the money and goods received by his agents in part payment of the notes, and required the full amount of them, and Redington, in behalf of the plaintiff, paid it, the agreement under which the money and goods were received must be considered as rescinded by the acts of the parties; and then the plaintiff may treat the

defendant as the purchaser of the goods thus received and retained, and as holding the money for his use, as he is justly indebted therefor. If it were otherwise, the plaintiff would be without remedy, unless he could be admitted to recover back an equal amount of the money paid by Redington, or to maintain trover, either of which would come to the same result.

The remaining objection, founded on the offer of Moore to pay for the bricks he had received, cannot avail. The bricks having been delivered under an agreement that they should be received in part payment of the notes, any offer of Moore to pay for them, or any tender of money by him, could not prevent the plaintiff from relying upon the receipt of them as a payment. He was not bound to take the money, if it had been tendered. But when the defendant afterwards refused to apply them in payment, and rescinded the agreement under which they were received, the plaintiff's cause of action arose.

And, moreover, there was in fact no tender, nor any thing that amounted to one. It does not appear that Moore had any money with him when the conversation took place. 5 *N. H. R.* 440, *Sargent* vs. *Graham.*

*Judgment for the plaintiff.*