## SNOW *vs.* PRESCOTT.

The plaintiff sold and delivered certain articles to the defendant, the price of which the latter agreed to indorse upon a note which he held against the plaintiff. He did not make the indorsement as he had agreed to do, and subsequently recovered judgment against the plaintiff for the whole consideration of the note, in a suit thereon, by default, and enforced its payment by an execution.— *Held*, that the plaintiff might recover the price of the articles, in an action for goods sold and delivered. *But see 9 Cush. 545 ; 13 Gray, 70.*

The case of *Tilton* vs. *Gordon*, 1 *N. H. Rep.* 33, *contra*, overruled.

In such case, the plaintiff may recover without reëxamining the merits of the judgment, as his right of action depends, not upon the rendition of the judgment, but upon the sale and delivery of the articles, and upon the defendant's failure to make the indorsement.

If the plaintiff sell and deliver property to the defendant upon his agreement to indorse the price upon the plaintiff's note, and the defendant do not make the indorsement, but recover judgment by default for the consideration of the note,

in a suit thereon against the plaintiff, and enforce its payment, the plaintiff may consider the agreement as rescinded, and may recover the price of the articles in an action for goods sold and delivered.

ASSUMPSIT, for goods sold and delivered, including, among other things, an anvil, the alleged price of which was $11; and a plough, the price of which was averred to be $3.50.

Upon the trial, it was proved that in the summer of the year 1838 the defendant was the holder of a promissory note against the plaintiff. There was evidence on the part of the plaintiff tending to show that he sold and delivered the plough and the anvil to the defendant, who agreed to indorse the price of them upon the note. The defendant afterwards brought an action, and recovered judgment on the note by default. The price of the articles was not indorsed upon the note, nor accounted for by the defendant, but execution issued for the judgment and costs, the amount of which the plaintiff afterwards paid the defendant.

The court instructed the jury, that if the plaintiff sold and delivered the articles to the defendant, who agreed to indorse their price upon the note, but omitted to do so, and the plaintiff paid the sum mentioned in the note, he was entitled to recover the price of the articles, in this action.

The jury returned a verdict for the plaintiff, which the defendant moved to set aside, on account of the instruction of the court.

*Samuel Emerson*, for the defendant, to the point that the plaintiff could not recover in this case, without a reëxamination of the merits of the former judgment, cited *Tilton* vs. *Gordon*, 1 *N. H. Rep.* 33; *Marriott* vs. *Hampton*, 7 *T. R.* 269; 7 *Mass. R.* 14; *Ibid.* 394; 12 *Mass.* 268; 16 *Mass.* 306; 17 *Mass.* 237.

*Hobbs*, for the plaintiff. The case at bar is not distinguishable in principle from that of *Tilton* vs. *Gordon*, on which the defendant relies; and we contend that the judg-

Snow *v.* Prescott.

ment in that case can be supported, neither on principle nor authority. The receipt of the oxen by Gordon was a sufficient consideration for his promise to indorse their price on the note. Until that contract should be reduced to a mere debt or duty, or rescinded contract, Tilton could not maintain a suit for the price of the oxen.

Gordon rescinded the contract, by neglecting to indorse the sum on the note, and by enforcing the payment of the judgment, without deduction. Having thus rescinded the contract, he was bound to place Tilton in the situation he was in before the delivery of the oxen. *Conner* vs. *Henderson*, 15 *Mass. R.* 319; *Kimball* vs. *Cunningham*, 4 *Mass. R.* 302 ; *Hunt* vs. *Silk*, 5 *East* 449. As he did not put Tilton *in statu quo*, the latter, therefore, had a right of action against him for the price of the oxen. *Stevens* vs. *Lyford*, 7 *N. H. Rep.* 360.

The position of Mr. Justice Bell, that the action could not be supported unless on the ground that Gordon recovered more than was due him, assumes that the receipt of the oxen operated *pro tanto* as payment of the note, when in fact there had been only an executory contract to indorse their price upon the note, which was rescinded by Gordon. Until the price should be indorsed, and the contract thereby executed, the receipt of the oxen could not be a payment. If the indorsement had been made, and Gordon had then taken judgment without any deduction ; or if Tilton had contested the suit, and had failed in an attempt to prove a partial payment of the delivery of the oxen, then he should not have recovered, because the subject matter of the suit would have been *res adjudicata*. *Brockway* vs. *Kenney*, 2 *Johns.* 210; *Irwin* vs. *Knox*, 10 *Johns.* 374. In that case, the judgment in the suit on the note would have been on the precise point that arose in *Tilton* vs. *Gordon*. 2 *Stark. Ev.* 201, 205.

If Gordon had pleaded in bar, by way of estoppel, the former recovery on the note, Tilton might have replied that

the promises and undertakings in his action were not the identical promises for the non-performance whereof the said sum of money was so recovered by the judgment. *Seddon* vs. *Tutop*, 6 *T. R.* 607 ; *Snider* vs. *Croy*, 2 *Johns.* 227 ; *Phillips* vs. *Bouck*, 16 *Johns.* 136 ; *Whittemore* vs. *Whittemore*, 2 *N. H. Rep.* 26 ; 1 *Chitty's Pl.* 553 ; and the facts found by the case would have sustained the replication.

As Gordon did not rely on his estoppel, but took issue on the fact, the jury were not bound by the estoppel, but were to find the truth of the fact, that the price of the oxen was not allowed on the note, and made no part of the judgment in *Gordon* vs. *Tilton*. *Stark. Ev.* 206, 207 ; *Trevivan* vs. *Lawrence*, 1 *Salk.* 276.

In all the cases cited by Mr. Justice Bell, the subject matter of the suit was clearly *res adjudicata*. *Mead* vs. *Death*, 1 *Ld. Raym.* 742, was brought to recover money paid under an order of the quarter sessions. *White* vs. *Ward*, 9 *Johns.* 232 ; *Marriott* vs. *Hampton*, 7 *T. R.* 265, and *Thatcher* vs. *Gammon*, 12 *Mass.* 268, were brought to recover money paid in satisfaction of judgments rendered by courts of competent jurisdiction. *Heller* vs. *Jones*, 4 *Binney* 61, was brought to recover a tract of land held by the defendants by virtue of a judgment title to which the plaintiffs were parties ; and *Phillips* vs. *Hunter*, 2 *H. Bl.* 402, was brought to recover money held by virtue of a judgment of a court in Pennsylvania. The action was sustained, Lord Ch. Jus. Eyre dissenting. The case of *Rapelje* vs. *Emery*, 2 *Dall.* 231, sustains his opinion. None of these cases were applicable to the facts in *Tilton* vs. *Gordon*, after the jury by their verdict had found the truth of the fact for the plaintiff.

In the cases of *White* vs. *Ward*, 9 *Johns.* 232, and *Loring* vs. *Mansfield*, 17 *Mass.* 394, the actions were brought for subject matters which were *res adjudicata ;* and the action, *Loomis* vs. *Pulver*, 9 *Johns.* 243, was brought to recover money paid in discharge of a note without any further agreement ; and the money so paid could no more be recovered

Snow *v.* Prescott.

back, than the money paid for the goods in the case of *Marriott* vs. *Hampton,* had Marriott brought an action for that purpose.

The case at bar finds that the plaintiff sold and delivered the articles to the defendant, upon his agreement to indorse the price upon the note ; and the jury by their verdict have found the truth of the fact, that the defendant did not indorse the price upon the note, but rescinded the contract, and compelled the plaintiff to pay the whole sum for which the note was given. Hence it is clear, as the plaintiff is entitled to be placed *in statu quo,* that judgment should be rendered on the verdict. *Rowe* vs. *Smith,* 16 *Mass. R.* 306 ; *Fuller* vs. *Little,* 7 *N. H. Rep.* 535.

GILCHRIST, J. The case of *Tilton* vs. *Gordon,* 1 *N. H. Rep.* 33, presents a state of facts similar to that in the case before us ; and if the judgment there were correct, it should govern the decision of this case. The soundness of that judgment, however, has been often questioned at the bar, and by the court also, in the case of *Fuller* vs. *Little,* 7 *N. H. Rep.* 535. It was pronounced by Mr. Justice Bell, and in the case of *Farmer* vs. *Stewart,* 2 *N. H. Rep.* 101, was said by Mr. Justice Woodbury to be "supported by principle as well as the authorities there collected." From the opinions of two so eminent lawyers, we should not hastily dissent, but a careful consideration of the case has led us to a different result.

In that case, Tilton delivered Gordon a yoke of oxen, in part payment of a note, and Gordon promised to indorse their price on the note. This he neglected to do, and brought an action on the note, in which he recovered judgment by default, for the sum for which the note was given. Tilton then brought an action to recover the price of the oxen, stating these facts in his declaration. The court held that if the action could be supported at all, it must be on the ground that Gordon recovered more than was due him in the action

on the note; and that he could not recover on this ground, because a judgment recovered in a court of competent jurisdiction, while unreversed, is conclusive as to the subject matter of it, to every intent and purpose, and cannot be reexamined in a new action founded on evidence which would have constituted a defence to the original suit. The general principle thus enunciated by the court may be entirely correct, and it may be admitted to be in accordance with the authorities. Still, the question arises, whether the plaintiff, in order to make out his case, must necessarily have reëxamined the merits of the original judgment. If this were unnecessary, the principle on which the judgment was rendered, although sound in the abstract, was incorrectly applied to the circumstances of the case. If the plaintiff could not have recovered without enquiring into the merits of the case, which had been settled by the judgment, then the decision was right, and the plaintiff in the action before us cannot recover.

One of the cases cited by the court, as an authority for the position before stated, is *Phillips* vs. *Hunter*, 2 *H. Bl.* 402. Lord Ch. Jus. Eyre, in the course of his judgment, puts this case : "A man recovers a debt before paid ; the receipt is mislaid, and afterwards found ; the receipt disproves the whole ground of the recovery, and yet this action (for money had and received,) was never thought to lie. In this case, the money paid on the receipt might, perhaps, be got back, because the party, by bringing the action, disaffirms the application of the money received, to the payment of the debt." The latter part of this quotation refers to the same ground on which the case of *Tilton* vs. *Gordon* was questioned in *Fuller* vs. *Little*, and to which we shall presently advert.

But the plaintiff might have been permitted to recover without a violation of any part of the doctrine of the court. The substance of his case was, that he had delivered the oxen to the defendant in part payment of the note ; that the

Snow *v.* Prescott.

defendant agreed to indorse their price upon the note; that he failed to do so, and thereby did not receive them as payment, and that consequently he was then bound to pay him their price. In this view of the case, it was perfectly immaterial whether a judgment had or had not been rendered in a suit on the note. The plaintiff's cause of action, and right to recover the price, depended, not on the rendition of the judgment, but upon the breach of the defendant's contract. The note was accessible to the parties, as evidence of this collateral matter, even after the judgment; and, on being produced, an inspection of it would have shown that the defendant's contract had been broken. But no evidence need have been given of the judgment; and, not only would no enquiry have been necessary into its merits, but it would have been immaterial whether such a judgment existed.

But the plaintiff might have admitted that a judgment had been recovered on the note. His cause of action arose from something aside from, and independent of, the judgment. Nor was the judgment for too large a sum, and Gordon recovered no more than upon the facts then existing he was entitled to recover. By the default, Tilton admitted that the sum for which the note was given was due upon the note. But it did not by any means follow that Gordon might not have made a contract in relation to a payment of a part of the sum due, for a breach of which he might have been answerable to Tilton in another suit, and which, on account of its collateral character, would not involve the merits of the judgment. The substantial matter, on which Tilton's right to recover depended, would not necessarily have been a defence to a suit on the note. Because a state of facts might have been relied on as a defence, it does not follow that a substantive cause of action might not have been based upon the same facts. His right of action arose, strictly speaking, not from the fact that he had made a payment on the note, which Gordon refused to deduct from the sum due, but because Gordon, having once agreed to receive the oxen in

payment, had admitted that they were not to be considered as payment, by refusing to indorse their price upon the note, and had thus rendered himself liable for their value.

We have endeavored to explain the reasons why, in our opinion, the merits of the judgment upon the note were not involved in the suit to recover the price of the oxen. If these be sound, it will follow that the ground on which the judgment was placed, was untenable. But there is another position, entitling the plaintiff to recover, which, perhaps, is but an extension of the views we have taken, and which is stated in the case of *Fuller* vs. *Little,* 7 *N. H. Rep.* 535, by Mr. Justice Parker. It is substantially this : That a contract may be rescinded without proof of an express agreement to rescind it ; that one of the parties may sometimes consider the act of the other as a rescission ; and that when Gordon took his judgment for the sum mentioned in the note, without deduction, Tilton might elect to consider that as a rescission of the agreement to receive the oxen in part payment. Gordon would then have owed Tilton the price of the oxen, which might have been recovered without enquiring into the merits of the judgment. We are, therefore, of opinion that the principle stated by the court in *Tilton* vs. *Gordon,* as the foundation of their judgment, was incorrectly applied to the facts of that case, and that the plaintiff was entitled to recover. Consequently, the plaintiff in this case is entitled to recover. He sold and delivered the plough and anvil to the defendant, who agreed to indorse their price upon the note. This agreement he failed to perform, and the plaintiff may consider this failure as a rescission of the agreement. The defendant, then, has received property of the plaintiff for which he has not paid. He cannot avail himself of his omission to make the indorsement, as a defence to this suit, and the plaintiff may now recover the price of the property, in this action.

*Judgment on the verdict.*