## PIERCE, Executor, *v.* DUNCAN.

A collector of taxes, who has received a tax from a mortgagee of the property assessed, but afterwards receives the same tax from the mortgagor, will be holden, in an action for money had and received, to repay it to the mortgagee.

One who receives money to be applied to the payment of a particular debt, and afterwards treats the debt as still due, gives to the party making the payment a right to treat the contract of payment as rescinded.

ASSUMPSIT, for money had and received by the defendant, to the use of M. W. Pierce, the plaintiff's testator. The case was submitted for the opinion of the Court upon an agreed statement of facts, in substance as follows. The testator sold land in Stod-

dard to one Tuttle, who resided in Hillsborough, taking back a mortgage for a part of the purchase-money. In 1832, and afterward, the land was taxed as non-resident land, and the tax lists regularly filed in the office of the Deputy-Secretary of State. In 1833, 1834, and 1835, the testator paid the taxes to the deputy-secretary, and they were repaid to him by Tuttle. In 1837, 1838, and 1839, the testator paid the taxes to the deputy-secretary, while the lists were in his hands, and the deputy-secretary paid over the taxes to Duncan, the defendant, to whom, as collector of Stoddard, the tax list was committed for collection. Afterwards Tuttle paid these taxes to Duncan. Before suit brought the plaintiff demanded of Duncan the money, and he refused to repay it.

*Emery,* for the plaintiff.

*Marston,* for the defendant.

BELL, J. The money in question was paid by the plaintiff to the defendant in discharge of a tax assessed upon land, of which Tuttle was the general owner, but upon which the plaintiff's testator held a mortgage. By the Revised Statutes, ch. 46, §§ 10 and 13, every person interested in land may pay the taxes. The plaintiff, therefore, as mortgagee, had a right to pay these taxes. It is not suggested, that he paid under any mistake or misapprehension of the facts, and the payment was, consequently, a satisfaction and discharge of the taxes; and, upon that state of facts alone, the plaintiff could not recover back the money. His remedy, in case the payment was in his own wrong, might be against the mortgagor, perhaps. But the collector having received the money through the deputy-secretary, a proper officer for that purpose, from the plaintiff, who had a right to pay, and having applied the money to the discharge of the tax, and thereby disabled himself to collect the money of any other person, in any other mode, had a right to retain it; and the plaintiff had no right, legal nor equitable, to reclaim it.

But the party who has received money rightfully, may make

Pierce *v.* Duncan.

himself liable to restore it by his subsequent conduct. Thus a party to any contract, who has received money upon it which he has a right to retain, may, by his refusal to proceed with his bargain, or by a violation of its provisions, give to the other party a right to consider the contract as rescinded, and to treat it as no longer binding upon either party. And, in this State, contracts, as well executed as executory, have been held liable to be thus rescinded. In the cases of *Fuller* v. *Little*, 7 N. H. Rep. 535; *Deming* v. *Cummings*, 11 N. H. Rep. 474, and *Snow* v. *Prescott*, 12 N. H. Rep. 535, it was held, that if a party receives property as part payment of a debt, and afterwards refuses to allow it as such payment, and requires payment of the whole debt, or security for its repayment, or commences a suit for its recovery, the party making the payment may elect to consider the payment as rescinded, and may recover the amount so paid.

These decisions are, we think, conclusive in this case. The payment of the tax by the plaintiff was a matter concluded, which he had no power to disturb or recall. But when the collector required or allowed the tax to be again paid, thus treating it as an unsatisfied demand, notwithstanding the payment made by the plaintiff, this act of the defendant gave to the plaintiff the right to take the same view of the matter, and to regard and treat the money paid by him, as money paid for his own use. The defendant has no right to complain of this, since it is clear he has no right to retain the money. It is not his, and it is plain that he is bound to repay it to one or the other of the two persons, who have each paid him the same tax. So far as his interest is concerned, it is immaterial to which of them he is held accountable. If he has acted without any fraud towards Tuttle, whose duty it was to pay this tax, and communicated to him fairly and truly what had been done in regard to it by the plaintiff, we cannot suppose that Tuttle would pay a tax already paid by his mortgagee, unless it was upon the understanding, that the first payment should be cancelled, and the money restored. Such an agreement, it was competent and proper for those persons to make, if they thought proper. The effect of

such an agreement would be to leave the money in the hands of the defendant, as the property of the plaintiff. , Such an understanding would have been equitable and just, as it regards all parties. And the defendant having by his own act given to the plaintiff the right to regard this, as the true character of the transaction, he must be held accountable, as if the money had come into his hands at first, solely for the use of the plaintiff. The plaintiff is entitled to recover the amount of the taxes, and interest from the time of the demand.

*Judgment for the plaintiff.*