CHARLES A. PANZERBEITER, Respondent, v. JOHN H. WAYDELL and others, Appellants.

*An accord and satisfaction must be executed to bar a new action.*

The plaintiff having brought an action against the defendants, upon a doubtful claim for a large amount, it was verbally agreed between the parties that the defendants should pay to the plaintiff $150, in consideration of his agreeing to discontinue and settle the suit. The plaintiff thereafter tendered his consent to the discontinuance of the suit, together with a release, but the defendants failed to pay the $150 as agreed. The release and discontinuance were never accepted, nor were they left with the defendants or their attorney.

The plaintiff then brought this action to recover the $150, averring mutual promises, with fulfillment on his part and a breach on the part of the defendants.

*Held,* that the agreement to settle the pending suit, being entirely unexecuted, was not binding upon the plaintiff, and would have been no bar to the original suit, unless executed by the acceptance of the $150.

That there was, therefore, no consideration for the defendants' promise to pay the $150.

That the action could not be maintained.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial upon the minutes of the justice before whom the action was tried.

*William A. Boyd,* for the appellants.

*Chas. Hagedorn* and *Richard M. Bruno,* for the respondent.

BARRETT, J.:

Taking the view of the facts most favorable to the plaintiff, they amount to this. He had a doubtful claim of large amount against these defendants. This claim was in suit. Thereupon it was verbally agreed between the parties that the defendants should pay the plaintiff $150, for a consent of discontinuance and full settlement. The plaintiff tendered the consent of discontinuance together with a release, but the defendants, for reasons which are unimportant in the present discussion, failed to pay him the agreed amount. He then brought the present action, averring mutual

promises, with fulfillment on his part and breach on the defendants'. He had a verdict at Circuit for the $150, and from the judgment rendered thereon the defendants appealed.

It is clear that this verdict cannot be sustained. There was no acceptance of the discontinuance and release; nor were they even left with the defendants or their attorneys. There was, in fact, no intention to surrender these documents without concurrent payment. Mr. Bruno, the plaintiff's attorney, says he told one of the defendants "that upon the receipt of the money we *would give him* a consent to discontinue and a general release." This is a plain case of an accord executory; such an agreement would have been no bar to the original suit, unless executed by the acceptance of the $150. (*Mitchell* v. *Hawley*, 4 Denio, 414; *Russell* v. *Lytle*, 6 Wend., 391; *Daniels* v. *Hallenbeck*, 19 Wend., 408; *Tilton* v. *Alcott*, 16 Barb., 598; *Hammond* v. *Christie*, 5 Robt., 160; *Day* v. *Roth*, 18 N. Y., 448.) The promise to discontinue and release was not binding upon the plaintiff. Consequently the defendants were without a consideration for their promise. In the case of mutual and concurrent promises, there must be reciprocity of obligation. (Chitty on Cont., 46.)

The cases cited by the plaintiff (*Stewart* v. *Ahrenfeldt*, 4 Den., 189; *Russell* v. *Cook*, 3 Hill, 504; *Farmers' Bank of Amsterdam* v. *Blair*, 44 *Barb.*, 641) are not in point. They were actions based upon *executed* accords. If, in the case at bar, the discontinuance and release had been accepted, and, in exchange, the plaintiff had received the defendants' note for the $150, there would have been no doubt, under these authorities, of the plaintiff's right to recover upon the note. So, if the $150 had been paid the defendants could have maintained *assumpsit* for a breach of the promise to discontinue. (*Cobb* v. *Curtiss*, 8 Johns., 470.)

Nor is the present action within that class of cases referred to in *Tilton* v. *Alcott*, *ubi sup.*, where the courts have regarded "the new agreement, not as an accord, but as a *substituted agreement*." There the mutual stipulations must be in the nature of a new consideration, as in *Billings* v. *Vanderbeck* (23 Barb., 546). Here there was nothing but an entirely unexecuted agreement to settle a pending suit, which under all the cases is no bar.

The complaint was demurrable. It did not state facts sufficient to constitute a cause of action. The motion to dismiss upon the plaintiff's opening, and again at the close of the plaintiff's case, should have been granted. The exceptions to the refusal to dismiss were well taken. It follows that the judgment must be reversed and a new trial ordered, with costs to abide the event.

BRADY, J., concurred.

Present—DAVIS, P. J., BRADY and BARRETT, JJ.

Judgment reversed, new trial ordered, costs to abide event.