## ARVEN BLANCHARD *vs.* CHARLES GOSS.

In an action of trespass for false imprisonment, brought by *A.* against *B.*, *B.* pleaded that he sued out a writ of *capias* returnable to this court, and declared against *A.* in debt upon a judgment for $8 damages, and $5 costs, rendered by a justice of the peace, by virtue of which writ he caused *A.* to be arrested. *A.* replied, that the judgment was founded upon a contract made after Jan. 1, 1819, for a less sum than $13,33. To this there was a demurrer.

It was held 1st, that *A.'s* body was not liable to arrest in an action upon the said judgment. 2d, that an action of trespass could not be maintained, until the writ was quashed, or in some way vacated.

THIS was an action of trespass for an assault and false imprisonment, on the 27th July, 1821.

The defendant pleaded in bar that on the 4th June, 1821, he sued out of the office of the clerk of the superior court in this county, a writ of *capias* and attachment, returnable to this court at September term, 1821, against the plaintiff, in which he declared against the said *Blanchard* in a plea of debt upon a judgment rendered by *Henry Sweetser*, Esq. one of the justices of the peace within this county, for $8 damages and $5 costs ; which writ he afterwards delivered one *Daniel Burnham*, a deputy sheriff, to be executed, who at the time when, &c. by virtue of said writ, took and arrested the said *Blanchard*, and detained him in custody for the space of time mentioned in the declaration, as was lawful for him to do, for the cause aforesaid, of which writ the said *Burnham* made due return.

Blanchard
*vs.*
Goss.

To this plea the plaintiff replied, " that the said justice's " judgment aforesaid, was founded on a contract made and " entered into subsequently to the 1st Jan. 1819, which said " contract was for a less sum than $13 33, to wit, for the " sum of $8, and no more."

To this replication there was a general demurrer, and joinder in demurrer.

*French,* for the plaintiff.

*S. D. Bell,* for the defendant.

RICHARDSON, C. J. The first question, which this case presents for our decision, is, whether the body of the plaintiff was liable by law to an arrest, in the action of debt' which the plaintiff brought against him. On this question, after the most mature consideration we have not been able to entertain a doubt. The statute of 1818, cap. 89, enacts " that no person shall be committed to gaol, or be liable to " be imprisoned on any execution issued on any judgment " founded on contract made or entered into after the first " day of January next, unless the original debt or damage " in such process or execution shall exceed the sum of $13,33;" and the statute of 1819, cap. 94, enacts "that no person " shall be committed to gaol, or be liable to be imprisoned " on any writ or mesne process in any action founded on " contract made or entered into subsequently to the first day " of January last past, unless the sum due the plaintiff in " such action exceed the sum of $13,33, exclusively of the " damages alleged by the plaintiff, to be by him sustained " by the breach of such contract, and such writ or *mesne* " *process* shall not run against the body of such debtor."

The statute of 1818, cap. 89, further enacts, " that it shall " be the duty of the clerk of the court, or justice of the " peace who may issue execution upon any judgment found- " ed upon contract, the amount of which judgment exclusive " of costs does not exceed the sum of $13 33, so to vary the " form of such execution, as that the same shall not run " against the body of such debtor."

The intention of the legislature in these provisions seems to us very clear. The statute of 1818, cap. 89, is entitled.

" an act for the relief of poor debtors," and it does not admit a question, that in actions founded directly upon the original contract, the amount of debt, exclusive of costs, is the criterion to determine whether the body is liable to be taken in execution. And it seems to us, that, if in an action on a judgment founded on a contract not amounting to $13 33, the amount of the judgment, including costs, is to be taken as the criterion to determine whether the body of the debtor is liable to arrest, the intention of the legislature will be entirely defeated, and the statute will tend directly to oppress, instead of relieving the debtor. For the most trifling debt may soon be swelled by costs to the amount of $13 33. We are therefore all of opinion, that as the original debt in this case did not amount to $13 33, the body of the plaintiff was not liable to arrest, and that the writ ought not to have run against his body.

But there is another question of much more difficulty to be determined in this case. There is no allegation in the plaintiff's replication, that the writ by virtue of which he was arrested, has been quashed, abated, or in any way set aside, and the question is whether its validity can be called in question collaterally in this action, before it is set aside in the other suit.

There is an important distinction between erroneous process and irregular process. The first is the act of the court; and even after it has been set aside or reversed, whatever was done under it while in force, may be justified by the party. But irregular process is the act of the party; and when once set aside, is considered as having been a nullity from the beginning, and forms no justification to the party for any thing done under it. 3 *Wilson* 345.—*L. Raymond* 75, *Turner vs. Felgate.*—1 *Levintz* 95, *S. C.*—2 *Wilson* 385.—1 *Strange* 509.—*Tidd's Practice* 434.—1 *Ventris* 181.—15 *East.* 616, *note.*

In some cases, irregularity of process is waved by the conduct of the party. Instances of this may be found in *Pearson vs. Rawlings.*—1 *East* 77, *Walter vs. Stewart.*—3 *Wilson* 455, *D'Argent vs. Vivant.*—1 *East* 330.

Blanchard
vs.
Goss.

In other cases, irregularity renders the process void, and cannot be waived by the conduct of the parties; as when a term intervenes between the teste and return of a capias, or a writ is made returnable out of term. 1 *Strange* 399, *Mills vs. Bond.*—2 *Johnson* 190, *Burr vs. Thomas.*—3 *Wilson* 341, *Parsons vs. Lloyd.*—4 *Johnson* 309, *Burk vs. Barnard.* —2 *Bl. R.* 845.—2 *L. Raymond* 772.—5 *Mass. Rep.* 100.

So when a writ issues on the sabbath. 12 *Johnson* 178. —3 *East* 155.—13 *Mass. Rep.* 324.—8 *D. & E.* 86.—8 *East* 547. So when the irregularity consists in a departure from a rule of law founded on public policy. 5 *D. & E.* 254, & 4 *D. & E.* 349 & 577.

In some instances, process is on the face of it to all intents and purposes a nullity, as where it issues in a case plainly out of the jurisdiction of the court, or magistrate issuing it. 2 *Strange* 710, *Hill vs. Bateman*; 993, *Smith vs. Bouchier*; 1002, *Shergold vs. Holloway.*—12 *John.* 257, *Smith vs. Shaw.*

But the validity of the process of a court unless it appear upon the face of it to be an absolute nullity, cannot be called in question collaterally, until it has been vacated or set aside by the court, or abandoned absolutely by the party who sued it out. 16 *Johnson* 56, *Green vs. Ovington.*—2 *Salk.* 674, *Prig vs. Adams et al.*; *Hall vs. Biggs.*—3 *Caine's Rep.* 267, *Reynolds vs. Corp.*—15 *East.* 612, *King vs. Harrison*; 616, *note.*—8 *Johnson* 365.—3 *Lev.* 403, *Patrick vs. Johnson.*—1 *Strange* 509, *Phillip vs. Biron.*—3 *Wilson* 341, *Parsons vs. Lloyd*; 368, *Barker vs. Braham.*—2 *Wilson* 47, *Burslem vs. Fern.*—1 *Salk.* 273.—*Ld. Ray.* 775.—*Cro. Eliz.* 188, *Bushe's case.*—2 *Burrows* 1187.—6 *Mod.* 304.—2 *Binney* 40.—13 *Johnson* 550.—2 *Doug.* 671.—*Cro. Eliz.* 164, *Ognel vs. Paston.*—*Carthew,* 274.—*Cro. Eliz.* 271.

The case of *Burslem vs. Fern* (2 *Wilson* 47,) is a case, not of irregular process, but of defect of authority. *Fern* had no authority to serve the process. It is like a service of a writ here by a person not a sheriff. The warrant was a forgery, or it may be likened to a forged writ here.

In the present case, the writ by virtue of which *Blanchard* was arrested, does not appear to have been in any way

set aside, and we are of opinion that its validity and legality cannot be divided in this case, and that there must be

*Judgment for the defendant.*