## JOSIAH BUTLER *vs.* DAVID HAYNES, jr.

Where an execution issues after the death of him against whom it runs, it is not a nullity, nor can its validity be called in question collaterally.
The endorser of a writ, who has become liable to pay costs, may pay without a judgment against him, and recover against him who promised to indemnify him.

ASSUMPSIT, for money paid, laid out, and expended by the plaintiff for the use of the defendant, and on a promise by the defendant to indemnify the plaintiff for endorsing a writ at the defendant's request, sued out in the name of *John Eastman* against *T. S. Thrasher*, and the defendant, *D. H. jr.* his trustee.

The cause was tried here, at September term, 1822, upon the general issue ; when it appeared in evidence, that *Butler* endorsed the writ brought in *Eastman's* name against *Thrasher* and trustee, at *Haynes'* request, that in January, 1819, *Thrasher* recovered judgment against *Eastman* for $195 31 costs of suit ; that execution issued against *Eastman*, August 10, 1819, and was returned " *non est inventus*" to September term, 1819.   After the return of the execution, a *scire facias* was brought against *Butler*, who voluntarily paid the said

Butler
*vs.*
Haynes, jr.

costs. It also appeared, that *Eastman* died in June, 1819. The defendant offered to prove, that the costs in the said execution had been overtaxed ; but not offering to shew that this had been by the plaintiff's fault, the court rejected the evidence, and a verdict was taken for the plaintiff, subject to the opinion of the court upon the above case.

*Sullivan*, for the plaintiff.

*Dearborn*, for the defendant.

RICHARDSON, C. J. The issuing of the execution against *Eastman* after his death, was an irregularity, for which it might have been set aside ; and the court would have been bound to set it aside, had *Butler* made application ; in which case he would have been discharged as endorser. 6 *D. & E.* 368, *Heapy vs. Paris.*—2 *Tidd's Practice* 915, 1044.

But *Butler* could not call in question the regularity of the execution in the *scire facias* brought against him. 13 *Johnson* 378, *Scott vs. Shaw.*—16 *ditto* 117, *Gillespie vs. White.*—2 *N. H. Rep.* 491, *Blanchard vs. Goss.*

The question then is, was *Butler* bound to procure the execution against *Eastman* to be set aside, and thus discharge himself from his liability as endorser of the writ ; and has he discharged *Haynes* by his neglect in this particular ?

In the first place, it does not appear that *Butler* was apprized of the irregularity. Had the execution issued before the death of *Eastman*, his death would not have discharged *Butler* ; because in that event the officer might have returned the execution not satisfied, which is all the statute requires. If *Butler* was liable as endorser of the writ, he was under no obligation to stand trial, in order to entitle him to an action against *Haynes* (4 *Johnson* 461, *Sluby vs. Champlin.*— 13 *ditto* 58, *Maurie vs. Heffernon*) ; and if he paid the money *bona fide*, and without a knowledge of the irregularity in the issuing of the execution, his claim against the defendant is founded in strong equity. And we are of opinion, that although the execution issued irregularly, it was not a nullity, and that its validity cannot be called in question collaterally in this action. 2 *N. H. Rep.* 491, *Blanchard vs. Goss.*— 3 *Caine's Rep.* 267.—6 *D. & E.* 368.

It appears in this case, that *Butler* endorsed the writ at the request of the defendant, that judgment was rendered against *Eastman* for costs, and that an execution issued against *Eastman* and was returned " *non est inventus.*" From these facts, it appears, that *Butler* was liable, and it is not disputed that he paid the costs.

We are of opinion, that the plaintiff is entitled to retain his verdict, and that there must be

*Judgment for the plaintiff.*