### IN THE

# SUPERIOR COURT OF JUDICATURE.

#### FOR THE

## COUNTY OF ROCKINGHAM, FEBRUARY TERM,

### A. D. 1829.

---

### The Town of HAMPTON *versus* T. A. COFFIN.

A highway was legally laid out through land of C. in the town of H. and the damages awarded to C. by reason thereof, paid by the town of H., but immediately afterwards, and before the highway was opened, it was discontinued. The town of H. then brought an action against C. to recover back the damages thus paid. But it was held, that C. was entitled to retain the damages.

ASSUMPSIT for $200 money, had and received by the defendant for the use of the plaintiffs.

The cause was tried here upon the general issue at November term, 1827, when it appeared in evidence that in August, 1824, a highway was laid out by the court of common pleas, through the land of the defendant in Hampton, and his damages by reason thereof assessed at the sum of $120. Execution issued in his favor against the town on the 20th July, 1825, and the amount assessed as aforesaid was paid to the defendant.

In July, 1826, the town of Hampton voted to discontinue the said highway, and in August, 1826, the same was discontinued with the assent of the court of common pleas. The said road was never actually made and this action was brought to recover back the said sum of $120.

Hampton
*v.*
Coffin.

A verdict was taken by consent for the plaintiff, subject to the opinion of the court upon the foregoing case.

*Mason* and *Sullivan*, for the plaintiffs.

*E. Cutts*, for the defendant.

*By the court.* The court of common pleas having jurisdiction to assess the damages in the case that was before them, and order the same to be paid, it is clear that their decision cannot be called in question collaterally in this action. 1 Pick. 435, *Homer* v. *Fish* ; 2 N. H. Rep. 491, *Blanchard* v. *Goss* ; 8 Johns. 470, *Cobb* v. *Curtiss* ; 9 ditto, 232, *White* v. *Ward* ; 2 H. Bl. 416.

The only ground on which this action can be imagined to be maintainable is, that the vote of the town discontinuing the highway with the assent of the common pleas, has annulled the order of the common pleas for the payment of damages assessed. If that vote can now be considered as having had that effect, the plaintiffs may be entitled to recover back the money they paid in pursuance of the order. Buller's N. P. 131.

When a highway is legally laid out by the selectmen of a town, or by the court of common pleas through the land of an individual, the public acquires a right of passage, which is an incumbrance upon the land for which the owner is justly entitled to a fair compensation. This right of passage may be acquired without the consent of the owner of the land ; but provision is made by law for the payment of the amount of the damages he may sustain by reason of the way. The money thus paid may be fairly considered as the purchase money paid for the right of way.

A highway thus established may continue for ages. But a burthen is thrown upon the town in which it may be, to keep it in repair, and as it may become of no use to the public and the repair of it altogether unnecessary, provision is made by law for its discontinuance. And when a highway is legally discontinued, the public right of passage ceases, the duty of the town to keep it in re-

pair no longer exists and the owner has his land again free from the incumbrance.

A highway may be discontinued upon the application of the individual who owns the land, or it may be done by the town without any application from individuals, for the purpose of avoiding the expenses of repairs. But we are of opinion, that whatever may be the motive for discontinuing a highway, the effect of the discontinuance is always the same.

It only operates to extinguish the right of way, and thus to relieve the town from the burthen of repairing it. The supposition that it can have the effect to annul an order of the court of common pleas allowing compensation to an individual through whose land a highway has been laid out, is wholly inadmissible.

For if it could be held, in this case, that the vote of the town, in effect, annulled the order of the common pleas so that this action might be maintained, the vote of a town must be held to have the same operation, in the case of a highway which had been used for fifty years ; which would be most manifestly unjust.

We are of opinion, that the order under which the defendant received the money could not be rescinded by any express vote or adjudication of the town, or of the court of common pleas, and much less by implication. This is a case where an individual has been compelled to submit to the establishment of a public right of way through his land for such a compensation as the court of common pleas saw fit to order. It has been found that the public accommodation did not require this highway to be made, and the right has been surrendered. But although the defendant could be compelled by law to submit to the laying out of the highway through his land, for the compensation he received, there is no law to compel him to take a surrender of the easement, and restore the money he has received.

*Verdict set aside and a verdict entered for the defendant, and judgment.*