## Gilman, Adm'r, *vs.* Perkins.

Where judgment is rendered for a less sum than thirteen dollars and thirty-four cents damages, in an action founded on a prior judgment, no execution can lawfully issue against the body of the defendant, if the first judgment was founded upon a contract, entered into subsequent to January 1, 1819.

A judgment upon which no execution can lawfully issue against the body of the defendant, operates *ipso facto* to discharge the bail.

And if an execution upon such judgment is in fact issued against the body, and notice given to the bail, he is not precluded, by the execution, from availing himself of the discharge, on the *scire facias*.

Scire facias against bail ; submitted to the determination of the court upon a case stated.

At the September term, 1836, Solomon Phelps recovered judgment against Moses T. Crowell, for $68·13, debt, and $6·77, costs.   The action was founded upon a contract made subsequent to Jan. 1, 1819.   April 13, 1838, the plaintiff, as administrator of said Phelps' estate, brought an action of debt on this judgment, returnable September term, 1838, in which action the defendant Perkins became bail.   At March term, 1839, judgment was rendered, by agreement of parties, in favor of the plaintiff, against Crowell, for $13·24 debt, and $11.61 cost ; on which execution was issued March 7, 1839, against Crowell, in common form, directing the sheriff to levy on his goods, chattels, or lands, and for want thereof upon his body.   The execution was duly endorsed, with the name and place of abode of the defendant as bail, and so delivered to a deputy sheriff, who on the 7th day of

August, 1839, duly notified the defendant as bail, and after keeping the execution until the return day, made due return of his proceedings, with a return of *non est inventus.*

If the court should be of opinion, upon the foregoing facts, that the defendant is chargeable as bail, judgment to be rendered for the plaintiff, otherwise for the defendant.

*S. D. Bell, & Whipple,* for the plaintiff. The first question is, whether an execution was lawfully issued against the body of Crowell, in this case. The statute of June 30, 1818, in its terms applies only to actual contracts. It does not apply to actions on judgments. If actions on judgments were within the statute, there would be this absurdity, that in an action on tort the party would have a judgment that would authorize an execution against the body, but in an action on the judgment he would lose the right to such an execution.

If the execution which issued was illegal, the next question is, can the bail take advantage of it in this action? The principle of several cases seems to show that he cannot. 2 *N. H. Rep.* 491; 16 *Johns.* 575; 1 *Cowen* 644; 2 *Ld. Raym.* 1096; 2 *Burr.* 1187; 1 *D. & Ryl.* 50; 16 *Johns.* 55; 7 *B. & Cres.* 800; 4 *East* 310; *Tidd's Practice* 1159, (*9th ed.* 1129;) *Petersdorff on Bail* 236, 358; *Archbold's Practice* 290.

The execution must be set aside on application of the defendant in the original action. 8 *Johns.* 361; 16 *Johns.* 575.

*Perley,* for the defendant. If the doctrine of the other side be correct, a party obtaining judgment for fifty cents may on that judgment hold the defendant to bail.

We admit that the execution could not be set aside on application of the bail. It might be on motion of the defendant in the suit. *Ford's case,* 5 *N. H. Rep.* 310. But the bail is not precluded, by the execution, from contending

Gilman *v.* Perkins.

that he was discharged by the judgment rendered, on which execution ought not to have issued against the body.

PARKER, C. J. The statute of June 30, 1818, enacted, that no person should be committed to gaol, or be liable to be imprisoned on any execution issued on any judgment, founded on contract made or entered into after the first day of January, then next, unless the original debt or damage, in such process or execution, should exceed the sum of thirteen dollars and thirty-three cents; (being the limit of the jurisdiction of justices of the peace;) and that it should be the duty of the clerk of the court, or justice of the peace, who might issue execution upon any such judgment, so to vary the form of the execution, that it should not run against the body of the debtor. This provision has been substantially retained since that time.

We have no doubt that this statute is applicable to judgments in actions founded upon a previous judgment, if the first judgment was founded upon a contract made after the first day of January, 1819. Were it otherwise, the statute might easily be evaded. 2 *N. H. Rep.* 491. Whether it applies in actions on judgments having their origin in torts, need not be settled at this time.

And we are of opinion that the judgment, on which no execution could lawfully issue against the body, operated, *ipso facto*, as a discharge of the bail.

So long as the bail is liable, he " has the principal on a string." But on the rendition of the judgment, this string was severed. The bail had no longer any right to take the principal. There was nothing on which to deliver him, for there was nothing on which he could be committed. If, on the rendition of the judgment, the defendant had brought the principal into court, and offered to deliver him up, the court could not have ordered him into custody, because the judgment did not warrant a commitment, or an execution on which he could be committed. And the issuing of an exe-

cution against his body, afterwards, cannot alter the case. It cannot restore the liability. It was unlawfully issued, and might be set aside.

*Judgment for the defendant.*