## CLOUGH, Adm'x, *v.* UNITY.

| 18 | 75 |
|----|----|
| 68 | 392 |

One to whom damages have been awarded for a highway having been laid upon his land, prior to the act of June 23, 1842, may recover the same against the town, although the road be discontinued before judgment.

Interest in such case may be recovered from the time of the demand.

A demand made by an administratrix is sufficient, if the subject and purport of it be understood by the parties on whom it is made, and her office, as administratrix, be known to them; and it is not necessary that formal explanations should be made.

DEBT, to recover damages awarded to the intestate

against the town of Unity, for land taken for a highway, laid out by a committee appointed by the court of common pleas, upon the petition of Booth and others.

The sum of one hundred and fifty dollars was awarded by the committee, whose report, duly returned, was accepted at the April term of the court of common pleas, in 1837, at which term judgment was rendered upon it.

A portion of the road laid out was afterward opened, and a portion of the damages awarded to the proprietors paid; but the remainder of the road has never been opened.

This action was commenced on the 5th day of September, 1845; and on the 23d day of that month the town of Unity, at a town meeting legally warned and held for that purpose, voted to discontinue such portion of the highway in that town as had not been opened, and appointed an agent to petition the court of common pleas for leave to do so; and a petition was accordingly made to that court, and at the October term, 1845, referred to the road commissioners.

No demand has been made upon the town of Unity for the sum sought to be recovered in this suit, except as follows: On or about the 3d day of June, 1845, the plaintiff called upon two of the selectmen, and demanded the damages assessed "for that highway," without saying that she made the demand in her capacity as administratrix, or making a more definite demand than as above stated.

The selectmen knew that she was administratrix of Clough, to whom the damages had been awarded; that she neither had, nor pretended to have, any other claim for damages on account of land taken for a highway, and understood her to mean the highway mentioned in this case.

The parties submitted the foregoing facts, and agreed, that if the discontinuance of the road, in pursuance of the petition that has been named, would limit the plaintiff's recovery to the damages actually sustained, accord-

ing to the provisions of the Revised Statutes, chap. 52, sect. 5, then judgment is to be rendered for a sum, if not agreed upon, to be assessed by the court. But if the discontinuance cannot have the effect of so limiting her damages, judgment is to be rendered for the sum assessed by the committee, (after deducting a payment of $40, made on the 15th day of May, 1839), and for interest, as the court shall order.

The parties further agreed, that if the facts submitted do not afford evidence of a demand, and if such demand was necessary, the case may be sent back to the court of common pleas for a new trial.

*Hubbard*, for the defendant. There has been no demand upon the selectmen thirty days before suit, according to the provisions of the Revised Statutes, chap. 52, sect. 3.

No more than actual damages can be recovered, because the road has been discontinued. Rev. Stat., chap. 52, sect. 5.

*Metcalf*, for the plaintiff. When the road was laid out the law did not require a demand. The plaintiff's rights attached before the statute cited, and are therefore not affected by it. The act relates only to future transactions.

*Hubbard*, in reply. The act, affecting the remedy only, may well relate to the present case. The legislature intended that parties that had lain by and omitted to sue, should be governed with respect to their remedy by the rules it laid down.

GILCHRIST, J. In the case of *Willey* v. *Epping*, lately decided in this court, it was held, upon the authority of *Hampton* v. *Coffin*, 4 N. H. Rep. 517, that the land-owner was entitled to the damages awarded to him, notwithstanding the highway had been discontinued prior to the

passage of the act of June 23, 1842, which, in terms,
limited the recovery to the amount of damages actually
sustained.   Whatever may have been the precise force of
the words of that act, its construction must be such that
it shall not divest interests that have actually attached
under a judgment, in order to avoid a constitutional ex-
ception that might be taken to a different construction.

This case does not differ from that of *Willey* v. *Epping*
in any particular that should affect its merits.   By the
laying out the road and the award of damages, a right
attached to the intestate to demand and recover the sum
awarded. ·As in *Coffin* v. *Hampton*, the public acquired
an equivalent in the right of way, for such time as they
might see fit to enjoy it.   The value of that right was
judicially determined by the committee, who were fully
instructed as to the contingent or determinable interest
acquired by the public, and must be supposed· to have
made their award with suitable reference to the nature
of the right given in exchange for the sum adjudged by
them.

Their doings became a matter of record, and the right
of the town to enter upon the land of the intestate, and
construct a public way upon it, together with the corres-
ponding right of the intestate to demand, sue for and
recover the sum assessed, as an equivalent for the ease-
ment to which his land was subjected, became severally
established.   If the intestate forbore to assert his claim,
the right of the town was not impaired by such forbear-
ance; nor, on the other ·hand, was the right of the pro-
prietor, by force of the proceedings and by the record,
impaired, or capable of being impaired, as the law then
stood, by any forbearance, or by any act of the town,
taken with a view of renouncing the rights they had ac-
quired by those proceedings.

The Revised Statutes, chap. 52, sect. 5, contain a similar
provision with that of the act of 1842, for which that

section was substituted; and although the phraseology is slightly different, probably would be held, like that of 1842, to protect the towns against such a claim as the present, arising after its passage, without any regard to the time of commencing the action, provided the road should be discontinued before judgment. But its operation cannot, as has been said, be permitted to conflict with rights established before it was passed. The claim of the plaintiff appears, therefore, to have survived the legislation that has intervened, which must be limited to cases subsequently arising, as well as the act of the town of Unity.

There appears to be no substantial objection to the demand that was made. The demand required was not different from that required in ordinary cases in which such an act is a necessary preliminary to an action. The capacity of the plaintiff to demand and receive the money was not unknown to the parties upon whom the demand was made, nor was it questioned by them. The thing demanded is well described where it is so indicated as to leave no doubt or misunderstanding as to what is intended by the request.

The right to recover the damages assessed attached to the party entitled, immediately upon the decree of the court, confirming the report. But the law imposed no other duty upon the town, as to the time of making the payment, except only that it must have been done, or a tender made, before they could make the road. In the absence of any action on the part of the proprietor himself, we think that it was reasonable for the town to seek him and offer to pay, when they were ready to enter upon the land for the purpose of exerting the power over it acquired by the decree. N. H. Laws 574.

As the town have not built the road, or attempted to do so, this would not seem to be a case in which the money was detained by the debtor contrary to duty, until a demand was made by the plaintiff.

---
Clough *v.* Unity.
---

Nor does it fall within the description of any of the other cases in which interest is taxable. It is not like a judgment, a liquidation of a demand; it is itself the inception of the demand; it rests on no promise; it is not in the nature of damages for a tort, nor money of the intestate, received by the town and misapplied.

The award and consequent decree bear certain strong analogies to a judgment which carries interest. But a judgment is rather an act of the party himself, who procures it for the express purpose of enforcing an antecedent claim; while the award of land damages is a matter into which both the parties may have been brought *in invitum*, and affords no evidence whatever that the money is detained contrary to the wishes of the party entitled to it. There is no necessary presumption that he wishes to receive it, until the time when the town would be required to pay it for the purpose of justifying their entry upon the land, unless he makes a demand, and so manifests his wishes; and, if the demand is not complied with, establishes the adverse relation between the parties that lays the foundation for demanding interest. *Mahurin* v. *Bickford*, 6 N. H. Rep. 567; *Reid* v. *Rens. Glass Factory*, 3 Cow. Rep. 436.

The result therefore is that judgment must be rendered for the plaintiff for the unpaid balance, together with interest from the time of the demand.