## CLARK *v.* HAMPSTEAD.

In an action to recover damages for land taken for a highway, no more than the actual damage sustained can be recovered, if the highway be discontinued before the rendition of judgment in such action.

DEBT. The case came up from the court of common pleas, upon the following statement of facts and agreement of the parties.

This action was debt to recover fifty dollars, that being the amount of damages awarded to the plaintiff by the road commissioners for the county of Rockingham, for land of the plaintiff, taken in laying out a highway in Hampstead.

The petition for said highway was filed July 23, 1846, and the report of the commissioners, laying out the highway and awarding the damages, was accepted at the February term of the court of common pleas for this county, A. D. 1847.

The writ, in this case, was dated January 6, 1848.

In March, 1848, the town of Hampstead voted to discontinue said highway, and petitioned the court of common pleas for their consent to such discontinuance, and the petition was referred to the road commissioners, who made report to the court of common pleas, at the February term, 1849, in favor of discontinuing said highway. Exceptions were made to the acceptance of the report, and the last-named petition was still pending in the court of common pleas, awaiting the decision of questions transferred to this court, and still pending here for determination when the questions arising in this case were transferred.

The plaintiff claimed to recover in this action the full amount of said award of damages, whatever might be the decision of the court as to the discontinuance of said highway, admitting that his actual damage is less than the award, if said highway should be discontinued.

The defendant contended that the plaintiff was entitled

to recover in this action only the actual damages which he had sustained, and not the full amount of said award, in case said highway should be discontinued.

It was agreed by the parties that judgment shall be rendered in this action whenever said report for discontinuance shall be accepted, for the plaintiff, either for nominal damages only, or for the amount of said award and interest, according to the opinion of this court upon the foregoing case.

*H. F. French*, for the plaintiff.

All actions are to be tried upon the state of facts existing at the time of their commencement. 1 Tidd's Prac. 592. The statute of 1842 was a temporary statute, repealed by the Revised Statutes.

*Stickney*, for the defendant.

WOODS, J. It is provided by sections 3, 4 and 5 of chapter 52 of the Revised Statutes as follows:

" 3. If any highway, or alteration therein, shall be laid out and established, any person to whom any damages shall be awarded, may recover the same, with interest, from the person or town liable to pay the same, in case the same shall not be paid to him within thirty days after the same shall be demanded.

4. All actions to recover damages awarded for lands taken for highways which may be discontinued, shall be brought within six months from the time of such discontinuance, and not afterwards.

5. In all actions for the recovery of damages for lands taken for highways, only the amount of the actual loss or damage sustained shall be recovered, in case such highway has been discontinued."

The present action is brought to recover damages for lands taken for highways, and was commenced after the re-

port awarding the same had been accepted in the court of common pleas, and prior to any action for the discontinuance of the road. But after the commencment of the suit, the town voted to discontinue the highway, and filed their petition for leave to do so in the court of common pleas, where, for the purposes of the present inquiry, it may be assumed to have prevailed. The question is as to the effect of the discontinuance of the road upon the claim of the plaintiff for damages, whether his claim rests as it did when he commenced his action, or whether it has been affected by the subsequent proceedings for a discontinuance, so as to bring him within the provisions of the fifth section before cited, and to limit his claim to the amount of damages actually sustained by the laying out of the highway?

By the act of July 3, 1829, embodying the substance of several acts in force previous to that time, damages awarded for land taken for highways, whether by the selectmen of the towns, or by the court of common pleas, were required to be tendered to the individual entitled, before the road could be opened for public use. Parties aggrieved by awards of damages applied to the court of common pleas, who were empowered to issue executions for such further sums, if any, as should appear just.

By the act of December 23, 1840, like power was given that court to award execution for damages, in cases in which fines were imposed upon towns for refusing to build roads, and an agent was appointed to appropriate the fines. The same statute provides that towns shall in no case be required to pay damages awarded till demanded; and gives to the party entitled to the same an action in thirty days from making such demand.

To provide for the event of the discontinuance of a road before it should actually be constructed, the statute of June 23, 1842, was passed; which enacts that "in all actions to recover damages awarded for land taken for highways that have been discontinued, or which shall be discontinued pre-

Clark *v.* Hampstead.

vious to the final trial of such action, the party prosecuting shall not have or recover, in debt or damages, any greater sum than the amount of the actual loss or damage which he may have sustained, any award of damages before made to the contrary notwithstanding," &c.

We think that these statutes afford a satisfactory solution of any doubt which might exist upon the meaning of the 5th section of the 52d chapter of the Revised Statutes. And we have high authority for seeking in the state and history of the law, at the time the latter acts were passed, the occasion for their enactment, and the intent and meaning of the Legislature in framing them. *Haydon's Case,* 3 Coke 7.

The statute of 1840, for which the 3d section of the 52d chapter of the Revised Statutes is a substitute, gave an action to the land owner for the damages awarded. This action was wholly unaffected by proceedings which might afterwards result in the discontinuance of the road. *Hampton .v. Coffin,* 4 N. H. Rep. 517. So that the land owner might, in all cases, obtain the damages awarded, although the land should remain wholly undisturbed, and free from actual public use. The remedy provided was the statute of June 23, 1842, which limited his claim to damages actually sustained, in all cases in which the road should be discontinued before the final trial of his action. The 5th section of the 52d chapter was intended, without a shadow of doubt, to provide for the same mischief, and the words, though slightly ambiguous, clearly admit of such a construction as will carry into effect this plain intention. The words " has been discontinued " may, without any violation of the idiom of the language, be taken to refer to the time when the debt or damage, to be recovered in the action, comes to be assessed.

According to the agreement of the parties, therefore, nominal damages only are to be assessed.