## STEVENSON *v.* SMITH.

When a debtor is duly arrested upon a writ of mesne process, having a proper affidavit thereon, authorizing the arrest, the court of common pleas have no authority to discharge him therefrom, upon a petition for that purpose, presented at a term subsequent to that at which the writ is made returnable.

The 8th section of chapter 185 of the Revised Statutes, amended by chapter 35 of the Laws of 1843, providing for the arrest of a debtor upon the affidavit of the creditor that the said debtor is about to leave the State, to avoid the payment of his debts, does not apply to the case of a debtor residing in another State, coming into this State and returning, or intending to return to his home, but only to the case of a citizen of this State, who is intending to remove from the State with the intent to avoid the payment of his debts.

Neither does the statute apply to the case of a citizen of this State, who is leaving, or intending to leave the State temporarily, in the ordinary course of business, or to seek employment and business elsewhere, and to improve his condition, even though the removal may diminish the creditor's chance of obtaining the payment of his debts within this jurisdiction.

PETITION for a discharge from arrest and for a discharge of bail.

The writ upon which the arrest was made was dated in March, 1852, and the action entered at the May term of the court of common pleas. The action was founded on a note of hand, made by the defendant, in 1847, at Tamworth, in this county, and payable on demand, with interest.

Stevenson v. Smith.

It appeared that the defendant had been a resident of the city of Boston for the last ten years, and had had a family residing there for the then past year; that in March, 1852, he came to Tamworth, to attend the funeral of his father, and on the next day after the funeral, was arrested at the suit of the plaintiff, an affidavit of his being about to leave the State, to avoid the payment of his debts, having been duly made according to the requisition of the statute. He gave bail upon his arrest, and the action was entered at the May term, 1852, and continued to the October term, where the petition was first presented.

The defendant contended that, being a resident of Massa-chusetts, he did not, upon the facts stated, come within the provisions of the statute, authorizing arrests in actions founded upon contracts.

*Hall,* for the petitioner.

*L. D. Sawyer* and *Hobbs,* for the defendant.

Woods, J.   We think the prayer of the petition, in this case, must be denied.   The arrest was made with proper authority.   The affidavit of the defendant's being about to leave the State, to avoid the payment of his debts, fully warranted it.   The requirements of the statute rendering the party liable to be arrested being complied with, and the arrest being duly made, his discharge could only be effected in some one of the modes and under the circumstances pre-scribed by the statute for that purpose.   One of the methods of obtaining a discharge is by requiring the officer making the arrest, at the time of it, to carry the party arrested before two justices of the peace, one of whom shall be of the quorum, and procuring their order of discharge upon the writ or execution, upon satisfying them, upon the affidavit of the party, and such evidence as may be laid before them,

that he has not the alleged intention of leaving the State to avoid the payment of his debts. Rev. Stat. ch. 185, § 9.

Another method of obtaining a discharge from an arrest is, by the defendant's moving the court, at the return term of the writ, to be himself discharged, or that his bail or sureties may be discharged, and the court, in such case, are authorized, upon satisfactory evidence that the defendant does not conceal his property, or does not intend to leave the State, as alleged in the affidavit, to make an order discharging them accordingly. Rev. Stat. ch. 185, § 10, before cited. And it is provided, also, that when any person is arrested on mesne process he shall be committed to jail, unless he shall procure one or more persons of sufficient ability, to the satisfaction of the officer, to become his bail, &c. Rev. Stat. ch. 185, § 13.

And section 16 provides that any person, committed to prison by the officer, or his bail, or upon surrender by his bail, shall, unless he be bailed before the judgment, be held in prison until the expiration of thirty days after the rendition of such judgment for the plaintiff as execution may issue upon, unless sooner legally discharged. The defendant has brought himself within none of the provisions of the statute, as to mode and time, entitling him to a discharge. He did not ask to be carried before two magistrates, at the time of his arrest. He did not apply to the court of common pleas, at the return time of the writ, as is provided by section 10 of the act referred to. The writ was made returnable at the May term of said court for Carroll county, 1852, and the application was made at the October term of said court, in the same year. The application came too late. There is no provision of the statute authorizing it after the return term at which the writ, on which the arrest is made, is entered. The court had no authority to grant the prayer of the petition at the time it was presented. Under the provisions of the statute, the time of the application is material to give jurisdiction to the court to order a discharge. No such dis-

Stevenson *v.* Smith.

charge could properly be made, except in strict pursuance of the provisions of the statute, both as to the time and the manner of it. By omitting to make the application at the return term of the writ, the defendant forfeited all right to claim a discharge at the hands of the court, under the statute. We put the decision upon the clear and express provisions of the statute. When properly arrested, according to its provisions, a party must be discharged, also, according to its provisions. But for its provisions relative to a discharge, he must clearly be holden to answer to the action, and to abide the course pointed out in the other provisions of the several statutes relative to the arrest and imprisonment of debtors.

Having omitted to avail himself of the opportunities for obtaining a discharge in the manner and at the periods prescribed by the statute under consideration, in the progress of the proceeding, he must look for such further opportunities as he may be advised still await him, if any there be.

Although the facts and circumstances appearing in the case, if certain to continue as at present, without change, might justify an exoneretur, to be entered by the court, yet, inasmuch as it may be possible that, if it be omitted to be entered at present, it may also occur and be shown when the execution shall issue upon the judgment, that the plaintiff may have a right to retake the body of the defendant, and so he may not in every event be entitled to a discharge ; and if he be not, clearly his bail may not be, upon this application, it is believed to be in analogy with proceedings in other cases, to refuse to grant the prayer of the petition for the discharge of the bail and the party too. In the present case, the plaintiff may be entitled to have the defendant re-arrested, by virtue of his execution, upon placing thereon an affidavit similar to that put upon the original writ ; and he may also be entitled to give notice to the bail, and to charge them, in case of the avoidance of the principal, by a like proceeding. While this right remains, the court will

not enter an exoneretur as to the bail. This was the course pursued in England, in a case where the defendant was in the custody of a messenger, under an order of the secretary of state, for the purpose of being sent out of the kingdom, by virtue of the alien act, 43 Geo. III. ch. 4. The court refused while he was still in the kingdom, and might possibly be set at large again, to enter an exoneretur on the bail-piece. *Folkein* v. *Critico,* 13 East 457.

When a defendant or alien is actually sent out of the kingdom, under the alien act, the court will permit the bail to enter an exoneretur upon the bail-piece. *Munich* v. *Vaucher,* 6 T. R. 50; *Coles* v. *De Hague,* 6 T. R. 246. Bail have been holden discharged by the defendant's becoming a member of the House of Commons in England. *Langridge* v. *Flood,* 1 Tidd's Prac. 293. So, also, by his succeeding to a peerage. *Trinder* v. *Sherley,* 1 Doug. 45.

An unprivileged person, in custody on execution, elected a member of Parliament, is entitled to his discharge on motion ; and, therefore, bail may have an exoneretur entered on the bail-piece, if the privileged person be elected between perfecting bail and final judgment. *Philips* v. *Wellesley,* 1 Dowl. P. C. 9.

Bail are discharged by the principal having obtained his certificate under a commission of bankruptcy. *Anon.* Lofft. 651. *Todd* v. *Mansfield,* 5 D. & R. 185 ; 3 B. & C. 222.

A judgment, on which no execution can lawfully be issued, will operate *ipso facto* as a discharge of the bail. *Gilman, Ad.* v. *Perkins,* 11 N. H. Rep. 343. It was then said that, after the rendition of the judgment, the bail had no longer any right to take the principal. There was nothing on which to deliver him, for there was nothing on which he could be committed.

In the case before us, if an execution should be issued without an affidavit, it would, of course, not run against the body, in accordance with one or more decisions of this court. Upon the issuing of such an execution, not against

Stevenson *v.* Smith.

the body, it would seem that it could hardly be contended that the bail would not be entirely discharged. It would be a mere idle and nugatory act on the part of bail, if not certainly unlawful, to deliver up the principal to the officer who has an execution on which he has no right to arrest, receive, or detain him. And it would seem hardly probable that a creditor, well knowing the facts to be such as are disclosed in the case before the court, would venture to renew the affidavit of the facts necessary to be sworn to, in order to entitle him to an arrest of the defendant upon an execution to be issued in this case. The case disclosed is simply that of an inhabitant and resident of Massachusetts, coming into this State to attend the burial of a friend, and returning, or intending to return, to his home. The statute reaches no such case, but only the case of our own inhabitants and citizens, who are intending to remove from this State with the intent to avoid the payment of their debts. And even our own citizens are not to be arrested, who are simply leaving the State to reside out of the State temporarily, in the ordinary course of business, or to seek employment and business elsewhere, and to improve their conditions, even though the removal may diminish the chance of obtaining the payment of their debts within this jurisdiction. It is only the citizen who has the means of payment, and intends removing without discharging his duty in this particular, that is to be arrested by virtue of the provisions of the statute under which the arrest was made. But if a new affidavit should be appended to the execution which may issue, perhaps the principal and his bail would not be remediless. The principal may be surrendered to the officer, and that will discharge the bail, and then he will still have the opportunity to go before two magistrates, and seek at their hands the discharge which was open to him upon the original process, but of which he did not avail himself seasonably, within the provisions of the act as we have already determined.

But whatever may be the further relief to which the principal, in this case, may hereafter become entitled, we think, that in all cases in which a party has been properly arrested, either upon mesne process or execution, if he would seek an order of release, under the statute, by either of the tribunals authorized to grant it, it must be done in accordance with the provisions of the act referred to, both as to the mode of procedure and the time of it.    It is only in the mode pointed out by that statute, that the facts can be made out that will relieve from the effect of the affidavit of the creditor, entitling him to arrest the debtor, and hold him to answer for the debt.

The ruling of the court below, we think, was correct, in refusing to grant the prayer of the petition in this case.

*Let judgment be entered accordingly in the court below.*